334 So.2d 568 (1976)
Karl H. COX, Petitioner,
v.
STATE of Florida, Respondent.
No. 48285.
Supreme Court of Florida.
June 4, 1976.
Phillip A. Hubbart, Public Defender, and Elliot H. Scherker, Asst. Public Defender, for petitioner.
Richard E. Gerstein, State's Atty., and John H. Lipinski, Asst. State's Atty., for respondent.
PER CURIAM.
We have jurisdiction of this cause through Art. V, § 3(b)(3), Fla. Const. Petitioner was charged with violations of §§ 316.089, 316.059 and 316.028, Florida Statutes. He was declared insolvent; the public defender was appointed. The traffic court adjudicated him guilty of all three charges and imposed court costs. On appeal to the Circuit Court, Eleventh Judicial Circuit, in and for Dade County, his convictions for two of the offenses, as well as the costs pursuant to those convictions, were affirmed. His petition for certiorari was denied by the District Court of Appeal, Third District.
§ 939.15, Florida Statutes, states:
"Costs paid by county in cases of insolvency. When the defendant in any criminal case pending in any circuit or county court, a district court of appeal or the supreme court of this state has been adjudged *569 insolvent by the circuit judge or the judge of the county court, upon affidavit and proof as required by § 924.17 in cases of appeal, or when the defendant is discharged or the judgment reversed, the costs allowed by law shall be paid by the county in which the crime was committed, upon presentation to the county commissioners of a certified copy of the judgment of the court against such county for such costs."
This section was interpreted in Mack v. State, 305 So.2d 264 (Fla.App.3rd, 1974), to make it error to assess court costs against a defendant who had been adjudicated insolvent. We agree with the holding in Mack. It was therefore error for the Circuit Court to affirm the imposition of court costs and the District Court of Appeal should have reversed.
The cause is remanded to the District Court of Appeal, Third District, for proceedings consistent with this opinion.
It is so ordered.
OVERTON, C.J., and BOYD, ENGLAND, SUNDBERG and HATCHETT, JJ., concur.