356 So.2d 862 (1978)
Paul ARNOLD, Appellant,
v.
STATE of Florida, Appellee.
No. GG-405.
District Court of Appeal of Florida, First District.
March 17, 1978.
Michael J. Minerva, Public Defender, and Louis G. Carres, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
BOYER, Judge.
Appellant Arnold seeks review of his conviction and sentence for the offense of buying, receiving or concealing stolen property. The record reveals that at arraignment he was adjudged indigent, whereupon the court appointed an Assistant Public Defender to serve as counsel. A jury of his peers found him guilty as charged following which the trial judge adjudged him guilty and imposed a sentence of three years imprisonment and payment of court costs in the sum of $1,000.00. An order was simultaneously entered which provided that after serving six months in the county jail, Arnold would be placed on probation. The order provided, inter alia: "After you are released on probation you shall comply with the following conditions of probation: * * (9) pay $1,000.00 court costs after release from county jail."
By his first point, appellant argues in his brief that "the trial court erred in denying appellant's motion for judgment of acquittal made at the close of the state's case because the prosecution failed to adduce sufficient evidence to prove a prima facie case that appellant was in knowing possession of stolen property." Our review of the record reveals sufficient evidence to support the conviction. Appellant's first point is therefore without merit.
By his second point, appellant urges that the court erred in assessing court costs against him for the reason that he had been *863 declared indigent. F.S. 939.15 provides that when a defendant in any criminal case has been adjudged insolvent, the costs allowed by law shall be paid by the county. That statute has been construed to prohibit the assessment of court costs against a defendant who has been adjudged insolvent. (Smith v. State, 352 So.2d 1276 (Fla.App. 1st 1977); Cox v. State, 334 So.2d 568 (Fla. 1976) and Mack v. State, 305 So.2d 264 (Fla. 3rd DCA 1976)) Accordingly, the imposition of costs as a part of the sentence was error and must be reversed.
However, the trial court did not err upon ordering the payment of court costs as a condition of probation. The granting of probation "rests within the broad discretion of the trial judge and is a matter of grace rather than right extended to the offender usually on the basis of a pre-sentence investigation which suggests that he is not likely to repeat his conduct and could be rehabilitated while at liberty under supervision. Statutory provisions which set out the procedures for extending probation privileges to those found guilty of violations of criminal laws are not mandatory on trial judges." (Bernhardt v. State, 288 So.2d 490 (Fla. 1974) and cases therein cited)
F.S. 948.01(4) clearly provides that the granting of probation is permissive only and is within the discretion of the trial judge. F.S. 948.03 authorizes the judge to determine the terms and conditions of probation, specifically providing: "(2) The enumeration of specific kinds of terms and conditions shall not prevent the court from adding thereto such other or others as it considers proper." Further, in Gryca v. State, 315 So.2d 221 (Fla.App. 1, 1975) this Court, citing Fuller v. Oregon, 417 U.S. 40, 94 S.Ct. 2116, 40 L.Ed.2d 642 (1974), held valid a condition of a probation order requiring the defendant to reimburse the county $100.00 as partial costs of prosecution, saying: "the State of Florida, who has provided so much to this defendant, may through its probation order require her to repay society a small share of the costs that her conduct placed upon the State of Florida." (315 So.2d at page 223)
The judgment and sentence are affirmed except for the assessment of costs as part of the sentence and this case is remanded with directions to delete that provision from the sentence. Such modification of the sentence may be made without pronouncement in open court and without the defendant being present.
IT IS SO ORDERED.
McCORD, C.J., and MELVIN J., concur.