378 So.2d 1231 (1979)
STATE of Florida, Petitioner,
v.
Arsoreda BYRD, Respondent.
No. 53481.
Supreme Court of Florida.
December 27, 1979.
Jim Smith, Atty. Gen., Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, and Anthony C. Musto, Asst. Atty. Gen., Miami, for petitioner.
Richard L. Jorandby, Public Defender and Craig S. Barnard, Chief Asst. Public Defender, West Palm Beach, for respondent.
OVERTON, Justice.
This is a petition for writ of certiorari by the state seeking review of a decision of the *1232 Fourth District Court of Appeal reported at 353 So.2d 1228 (Fla. 4th DCA 1978), which reversed an order of the circuit court requiring respondent, an indigent, to pay court costs as a condition of probation. We find conflict with the decisions of the First District Court of Appeal in Arnold v. State, 356 So.2d 862 (Fla. 1st DCA 1978), and Gryca v. State, 315 So.2d 221 (Fla. 1st DCA 1975), which held that such costs may properly be imposed as a condition of probation. We have jurisdiction.[1]
The respondent was charged with assault with a deadly weapon and two counts of battery. After a plea of guilty, she was adjudged guilty of aggravated assault and placed on probation for three years with the condition that she pay $116 in court costs. On appeal respondent challenged only the requirement that she pay court costs, on the ground that she had been adjudicated insolvent at her arraignment. The Fourth District Court of Appeal, citing our decision in Cox v. State, 334 So.2d 568 (Fla. 1976), agreed with respondent and reversed that portion of the probation order requiring her to pay $116 in court costs. We disagree and quash.
We agree with the holding of the First District Court of Appeal in Arnold v. State and find that it properly distinguished the Cox decision. In Cox costs were assessed as part of a sentence of imprisonment. In the instant case the costs were required to be repaid to the county as a condition of probation.
The requirement to pay court costs as a condition of probation is not precluded by the wording of section 939.15[2] which directs the county to pay the costs of indigents. The right of an indigent to have his court costs, including the cost of his transcript, paid for by the government is not dependent upon the existence of section 939.15. The defendant has that constitutional right in accordance with the United States Supreme Court's decision in Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956), as supplemented by Mayer v. Chicago, 404 U.S. 189, 92 S.Ct. 410, 30 L.Ed.2d 372 (1971). The clear intent and purpose of the statute was not to grant an indigent defendant a right but to prescribe which governmental entity in the State of Florida must pay the court costs of an indigent defendant in a criminal case. Without this statute there would be doubt as to which entity, be it county or state, or which departmental budget, such as that of the public defender's office, should be chargeable with providing the payment of these costs and expenses.
The requirement in an order of probation that a presently indigent defendant repay court costs to the county violates no constitutional guarantee. This is consistent with the Supreme Court opinion in Fuller v. Oregon, 417 U.S. 40, 94 S.Ct. 2116, 40 L.Ed.2d 642 (1974), which approved the repayment of counsel fees as a condition of probation. As long as the probationer has the ability to pay, this condition is allowed by sections 948.01(4) and 948.03, Florida Statutes (1977), which authorize the trial judge to determine the terms and conditions of probation.
The decisions of the First District Court of Appeal in Arnold and Gryca are approved, and the instant decision of the Fourth District Court of Appeal is quashed.
It is so ordered.
ADKINS, BOYD and ALDERMAN, JJ., concur.
SUNDBERG, J., dissents with an opinion, with which ENGLAND, C.J., concurs.
*1233 SUNDBERG, Justice, dissenting.
I respectfully dissent.
The majority grounds its decision upon a regrettable and erroneous interpretation of section 939.15, Florida Statutes (1975). Notwithstanding this Court's recent decision in Cox v. State, 334 So.2d 568 (Fla. 1976), which seemed to be dispositive of the statutory construction issue, they contend that the purpose of section 939.15 was merely to prescribe which governmental entity in the state must pay the court costs in those cases in which it would be unconstitutional to impose the costs on an indigent defendant. The statute, however, unequivocally provides that when a defendant in any criminal case has been adjudged insolvent, the costs allowed by law shall be paid by the county.[1] Operation of the statute is not conditioned upon the sentence alternative ultimately selected by the trial judge. It speaks to that point in time at which the defendant is ascertained to be insolvent. Upon the happening of such adjudication, the statute then speaks in mandatory terms without regard to the ultimate sentence alternative imposed. Although the full reach of constitutional permissibility might permit the legislature to condition the obligation of the counties to pay costs upon the continued insolvency of the defendant or upon the sentence alternative selected, that body chose not to do so.
The majority also argues that the right of an indigent to have his court costs paid for by the government in certain instances is constitutionally guaranteed and is not dependent upon the existence of section 939.15. That may be so, but it misconceives the issue before us. The constitutionality of imposing court costs as a condition of probation does not obviate the express provisions of section 939.15. In unambiguous terms, the State of Florida has sought to provide protection to insolvent defendants by freeing them of court costs in all criminal cases. We are not concerned here with constitutional permissibility but rather with a simple question of statutory construction. The statute was construed in Cox without a hint of the distinction being drawn by the majority today. I cannot accept such a latent distinction at this late date.
Accordingly, I would adhere to our decision in Cox v. State, supra, and hold that section 939.15 unequivocally imposes upon counties the obligation to pay the costs of criminal prosecution of a defendant who has been adjudicated insolvent, regardless of the sentence alternative selected. To the extent that Arnold v. State, 356 So.2d 862 (Fla. 1st DCA 1978), and Gryca v. State, 315 So.2d 221 (Fla. 1st DCA 1975), reach a contrary result, I would disapprove them.
ENGLAND, C.J., concurs.
NOTES
[1] Art. V, § 3(b)(3), Fla. Const.
[2] Section 939.15, Florida Statutes (1975), states:

Costs paid by county in cases of insolvency.  When the defendant in any criminal case pending in any circuit or county court, a district court of appeal or the supreme court of this state has been adjudged insolvent by the circuit judge or the judge of the county court, upon affidavit and proof as required by s. 924.17 in cases of appeal, or when the defendant is discharged or the judgment reversed, the costs allowed by law shall be paid by the county in which the crime was committed, upon presentation to the county commissioners of a certified copy of the judgment of the court against such county for such costs.
[1] § 939.15, Fla. Stat. (1975):

Costs paid by county in cases of insolvency.  When the defendant in any criminal case pending in any circuit or county court, a district court of appeal or the supreme court of this state has been adjudged insolvent by the circuit judge or the judge of the county court, upon affidavit and proof as required by s. 924.17 in cases of appeal, or when the defendant is discharged or the judgment reversed, the costs allowed by law shall be paid by the county in which the crime was committed, upon presentation to the county commissioners of a certified copy of the judgment of the court against such county for such costs.