422 So.2d 1007 (1982)
Keith Darnell JENKINS, Appellant,
v.
STATE of Florida, Appellee.
No. AI-309.
District Court of Appeal of Florida, First District.
November 24, 1982.
Michael E. Allen, Public Defender, Nancy Daniels, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Kathryn L. Sands, Asst. Atty. Gen., for appellee.
MILLS, Judge.
Jenkins was convicted of aggravated battery and carrying a concealed firearm. He contends the trial court erred in assessing costs of $10.00 for the Crimes Compensation Fund and $2.00 for the Law Enforcement Training Fund in each judgment entered against him. Jenkins further contends the trial court erred in excluding certain testimony as hearsay in the aggravated battery charge.
Of its own motion, the Court voted to consider this proceeding en banc.
A majority determined that the proposed opinion in this case conflicted with Mobley *1008 v. State, 414 So.2d 25 (Fla. 1st DCA 1982), but then agreed to recede from Mobley and adopt the proposed opinion in this case.
The costs issue was not presented to the trial judge. At the sentencing proceeding the judge, in open court and before Jenkins and his counsel, imposed the costs. He then found Jenkins indigent and appointed the public defender to represent him on appeal. It is not apparent that these are inconsistent. Section 27.52, Florida Statutes (1981), establishes the criteria for a determination of indigency. Even the most cursory reading of that statute, as well as common sense, reveals that a defendant may be unable to afford attorneys and the large court costs dealt with in State v. Byrd, 378 So.2d 1231 (Fla. 1979), or Arnold v. State, 356 So.2d 862 (Fla. 1st DCA 1978), but is still easily able to pay $12.00 or $24.00. Jenkins was given ample opportunity to object and to convince the trial judge of his inability to pay the charge. He failed to take advantage of either.
Sections 939.05 and 939.15, as well as 924.17, are asserted as protecting Jenkins from the costs assessment. These are the statutes applied in Arnold and Byrd, supra. Neither are applicable to the special costs imposed by Sections 960.20 and 943.25(4), Florida Statutes (1981). See Griggs v. State, 416 So.2d 1270 (Fla. 5th DCA 1982).
We recede from our decision in Mobley v. State. A defendant who objects to the imposition of costs under Sections 960.20 and 943.25(4) shall be required to timely object on the ground of insolvency and shall offer due proof of insolvency in open court.
The trial court must find that the defendant is wholly unable to pay the $12.00 in costs and, if it so finds, shall discharge the defendant from the payment of the $12.00. See Section 939.05. The finding of indigency under Section 27.52 is not applicable to the costs imposed by Sections 960.20 and 943.25(4).
We recognize that our decision may conflict with Engle v. State, 407 So.2d 641 (Fla. 2d DCA 1981); Ivory v. State, 419 So.2d 695, (Fla. 2d DCA 1982); Jackson v. State, 419 So.2d 394 (Fla. 4th DCA 1982); and Johnson v. State, 419 So.2d 412 (Fla. 2d DCA 1982). It appears, however, that in each of these cases the trial court may have found the defendant insolvent and unable to pay the costs assessed under Section 960.20 and Section 943.25(4). If this is the case, and the decisions do not specifically say one way or the other, there is no conflict.
Two points are raised against the aggravated battery conviction which require discussion.
Jenkins' defense was that the victim, Thorne, attacked Jenkins with a knife, requiring Jenkins to shoot Thorne in self-defense. Thorne denied the knife attack. A witness, Furlough, testified that shortly before the incident Thorne sat next to Furlough, then approached Jenkins at a "slow run." Thorne had his knife out when sitting with Furlough, but Furlough was unable to see whether it was out when Thorne approached Jenkins.
Furlough was prepared to testify that Thorne had stated, "I'm going to straighten Keith (Jenkins) up." This was excluded as hearsay. This was error. The statement, while clearly hearsay, was admissible. Sections 90.803(3)(a) 1 and 2, Florida Statutes (1981), provide an exception for just such a statement of intent. Thorne's intent as he approached Jenkins was probative of whether his knife was in fact out, which is important to Jenkins' defense. The statement by Furlough that sometimes Thorne kidded does not indicate a lack of trustworthiness so as to invoke Section 90.803(3)(b) 2. The jury should have been allowed to consider Thorne's statement and give it what weight it thought appropriate.
We need not decide whether the use of incorrect penalty instructions is reversible error, but on retrial the appropriate instruction for a case with a mandatory minimum should be used.
No error is asserted in Jenkins' conviction for carrying a concealed firearm and it is affirmed.
The assessment of costs issue is affirmed and the judgment of conviction for aggravated *1009 battery is reversed and this charge is remanded for a new trial.
ROBERT P. SMITH, Jr., C.J., and McCORD, BOOTH, LARRY G. SMITH, SHAW, JOANOS, THOMPSON and WIGGINTON, JJ., concur.
ERVIN, J., specially concurs.
SHIVERS, J., dissents in part and concurs in part with opinion with which WENTWORTH, J., concurs.
SHIVERS, Judge, dissenting in part and concurring in part:
I respectfully dissent on assessment of costs against defendant.
The majority's logical opinion is almost persuasive. However, for the following reasons I do not agree that these court costs may be assessed against an insolvent defendant.
Section 939.05, Fla. Stat. (1981) provides for the discharge of an insolvent defendant without payment of costs:
939.05 Insolvent defendant discharged without payment of costs.  In all cases less than capital, when it appears from due proof made in open court that the person convicted is wholly unable to pay costs, and that the judgment has in other respects been complied with, the court before which such person was convicted may discharge him without the payment of costs.
Section 939.15, Fla. Stat. (1981) provides:
939.15 Costs paid by county in cases of insolvency.  When the defendant in any criminal case ... has been adjudged insolvent ... the costs allowed by law shall be paid by the county....
Section 943.25(4), Fla. Stat. (1981) provides for the funding of a law enforcement training and correctional officer training program:
(4) All courts created by Art. V of the State Constitution shall assess $2 as a court cost against every person convicted for violation... . (emphasis supplied)
Section 960.20, Fla. Stat. (1981) provides for the payment by a convicted person of $10 for the Crimes Compensation Fund, as an additional cost in a case.
960.20 Additional costs.  When any person, ... is convicted of, any felony or misdemeanor under the laws of this state, there shall be imposed as an additional cost in the case, in addition and prior to any other cost required to be imposed by law, the sum of $10. The clerk of the court shall collect and forward $9 of each $10 collected to the Treasurer, to be deposited in the Crimes Compensation Trust Fund. The clerk shall retain the remaining $1 of each $10 collected as a service charge of the clerk's office. Under no condition shall a political subdivision be held liable for the payment of this sum of $10.
There appears to be no reason to label the $10 costs imposed by section 960.20 and the $2 costs imposed by section 943.25 as "special" costs and segregate them from other costs. The Legislature simply refers to the $2 as a "court cost" and to the $10 as "an additional cost in the case." The majority have cited Griggs v. State, 416 So.2d 1270 (Fla. 5th DCA, 1982). Although Griggs relates to section 960.20, it does not relate to section 943.25. Upon examination of sections 960.20 and 943.25, it appears that although section 960.20 provides that the county shall not be liable for the payment of the $10 costs, section 943.25 has no such provision concerning the $2 cost. Further, it does not follow that because the county shall not pay the $10 fee, an insolvent defendant must pay it. Where there is an insolvent defendant, the Crimes Compensation Fund just would not receive $10.
The majority provides that a defendant who objects to the payment of costs under sections 960.20 and 943.25(4) shall be required to timely object on the ground of insolvency and shall offer due proof of insolvency in open court. The majority holds that the trial court must find that the defendant is wholly unable to pay the $12 in costs and if it so finds shall discharge the defendant from the payment of $12.
*1010 In the case sub judice, the appellant Keith Jenkins on September 1, 1981, executed and filed in the Duval County Circuit Court Clerk's office Affidavit of Insolvency, stating under oath:
... .
AFFIDAVIT OF INSOLVENCY
Affiant being first duly sworn on oath deposes and says that he is totally insolvent and unable to pay the charges, costs, or fees in this cause, either in whole or in part; that he had no property or other means of payment either in his possession or under his control and that he has not divested himself of any property, either real or personal, for the purpose of receiving benefit from this oath; that he, at this time, is wholly without funds and unless this Court makes and enters an Order adjudging him, this defendant, insolvent, he will be deprived of his rights under the law. This affiant offers himself up to the Court for the purpose of further examination into his insolvency. (emphasis supplied)
On September 1, 1981, the Court entered an Order of Insolvency and Appointment of Public Defender in which it was
... .
ORDERED and ADJUDGED that the defendant be declared to be totally insolvent.
... .
At the sentencing hearing when Mrs. Lewis, defendant Keith Jenkins' attorney, asked for the appointment of the Public Defender for purposes of appeal, Mr. Jenkins again indicated to the Court he had no money.
THE COURT: Has your financial situation changed in any way?
MRS. LEWIS: Do you have any money?
MR. JENKINS: No.
THE COURT: I will appoint the Public Defender. I know his financial condition has not changed. I will appoint the Public Defender.
MRS. LEWIS: Thank you, Your Honor.
... .
Costs should not be assessed against a defendant who has been adjudged to be insolvent. See, Jones v. State, 389 So.2d 1092 (Fla. 4th DCA 1980); Ortiz v. State, 420 So.2d 923 (Fla. 2d DCA, 1982). In the case sub judice the defendant Keith Jenkins has been adjudged to be insolvent and this insolvency affirmed at the sentencing hearing. I would reverse the assessment of the $10 and $2 costs against the defendant. However, I agree that the cause should be reversed and remanded for a new trial on the aggravated battery charge.
ERVIN, Judge, specially concurring.
Although I concur with the majority in affirming the cost assessment of $12, I would not on this record recede from our prior opinion in Mobley v. State, 414 So.2d 25 (Fla. 1st DCA, 1982). As noted in the majority's opinion, Jenkins failed to object to the imposition of the costs at the time of the sentencing. He should not be heard to complain for the first time now on appeal that its assessment is invalid. Cf. Spurlock v. State, 420 So.2d 875 (Fla. 1982).
I would reserve for another day the disposition of the question on its merits.