427 So.2d 271 (1983)
Willie BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1067.
District Court of Appeal of Florida, Second District.
February 16, 1983.
*272 Jerry Hill, Public Defender, and L.S. Alperstein, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
The state charged Willie Brown with a number of offenses. The court found him partially insolvent and appointed the public defender to represent him. § 27.52, Fla. Stat. (1981).[1] After a jury trial, Brown was adjudged guilty and sentenced for burglary and two counts of petit theft. Additionally, the court assessed the following costs against him: court costs of $67; $10, pursuant to section 960.20 (Crimes Compensation Trust Fund); $2, pursuant to section 943.25(4), and $1, pursuant to section 943.25(8) (Law Enforcement Training and Correctional Officer Training Trust Funds).
Brown's only point on appeal is that since he was previously adjudged insolvent the court erred in assessing costs. We agree.
It was error for the court to impose the $67 court costs against Brown since he had been adjudged insolvent.[2] § 939.15, Fla. Stat. (1981); Cox v. State, 334 So.2d 568 (Fla. 1976); Alexander v. State, 425 So.2d 1197 (Fla. 2d DCA 1983). In Cox the supreme court spoke to costs generally and referred to section 939.15, which requires the county in which the crime was committed to pay court costs for an insolvent defendant. This rationale has been generally extended by this court and other courts as a mandate to strike other additional costs.[3]See Brown v. State, 400 So.2d 510 (Fla. 2d DCA 1981); Engle v. State, 407 So.2d 641 (Fla. 2d DCA 1981); Johnson v. State, 419 So.2d 412 (Fla. 2d DCA 1982); Ivory v. State, 419 So.2d 695 (Fla. 2d DCA 1982). But see Griggs v. State, 416 So.2d 1270 (Fla. 5th DCA 1982). Therefore, we strike the $67 court costs and the costs of $10, $2, and $1 assessed under section 960.20 and sections 943.25(4) and (8).
The First District recently held that a finding of indigency under section 27.52 is not applicable to the costs imposed by sections 960.20 and 943.25, i.e., for the crimes compensation and law enforcement and correctional officers funds. Jenkins v. State, 422 So.2d 1007 (Fla. 1st DCA 1982). Instead of striking such costs merely because the defendant had been adjudged insolvent, Jenkins held that a defendant must timely object to their imposition and offer proof of his insolvency in court. We think that Jenkins is a well-reasoned and enlightened opinion; however, we feel constrained by *273 earlier opinions of this court which conflict with Jenkins.
We find considerable merit in the First District's conclusion that court costs imposed against an indigent defendant under sections 943.25 and 960.20 should be viewed in a different light from court costs generally. When a defendant is convicted of a crime, section 939.01 directs that the costs of prosecution be included in the judgment rendered against the defendant. And, as noted, section 939.15 requires the county where the crime was committed to pay such costs for a defendant who has been found insolvent. On the other hand, costs, when assessed under sections 943.25 and 960.20, are set at very minimal amounts. These costs are designed to require a defendant to make a small contribution to the crimes compensation fund to assist victims and to support the functioning and improvements in the criminal justice system by enhancing the education and training of law enforcement and correctional officers. While a defendant may be indigent within the statutory meaning of the term, i.e., unable to pay for the services of an attorney without undue hardship, it is arguable that the defendant may be able to make the minimal payments required under sections 943.25 and 960.20. In light of the conflict of this decision with the decision of the First District in Jenkins and the Fifth District in Griggs, we certify the following question as one of great public importance:
DOES AN ADJUDICATION OF INDIGENCY UNDER SECTION 27.52, FLORIDA STATUTES (1981), AUTOMATICALLY BAR ASSESSMENT OF COSTS AGAINST A DEFENDANT PURSUANT TO SECTION 960.20 AND SECTION 943.25(4) and (8)?
In reviewing defendant's judgment and sentences imposed in this case, we observed that he was also ordered to pay a lien in the amount of $1,472.50 for court appointed counsel, a fine of $952.38, and a surcharge of $47.62 as required by section 960.25. The court made payment of these sums a condition of parole. Although a court is not precluded from recommending conditions of parole, Owens v. State, 308 So.2d 171 (Fla. 1st DCA 1975), the Parole and Probation Commission is solely vested with the power to establish conditions of parole. § 947.13(1)(b), Fla. Stat. (1981). Accordingly, we strike those portions ordering payment of the lien, fine, and surcharge as a condition of parole since they were improper. See Alexander v. State.
GRIMES, A.C.J., and CAMPBELL, J., concur.
NOTES
[1] Section 27.52 governs a court's determination of indigency of any accused person. A person is indigent for purposes of this section if he is unable to pay for the services of an attorney without undue hardship. While 27.52 specifically uses the term "indigency," we have observed that trial courts, in making this determination, frequently refer to "insolvency," the two terms apparently being used interchangeably. In the present case Brown was adjudicated "partially insolvent." We interpret this, in the absence of language to the contrary in the court's adjudication, as indicating Brown is insolvent, i.e., indigent within the meaning of the statute.
[2] This cost was assessed on a standard printed judgment form. There is no showing that the $67 was assessed pursuant to a section 27.56 proceeding. Therefore, we do not treat the $67 as a cost which could be assessed against an indigent defendant. See Anderson v. State, 415 So.2d 49 (Fla. 2d DCA 1982).
[3] While the cited cases specifically refer to the Crimes Compensation Fund, there are other cases striking $2 costs which, while not stated, we surmise refer to costs under section 943.25 See Mobley v. State, 414 So.2d 25 (Fla. 1st DCA 1982); Kimble v. State, 396 So.2d 815 (Fla. 4th DCA 1981); Jones v. State, 389 So.2d 1092 (Fla. 4th DCA 1980); Jones v. State, 388 So.2d 316 (Fla. 4th DCA 1980).