LEHAN, Judge.
Appellant, charged with burglary and grand theft, was found insolvent. The pub-lie defender was appointed to represent him. After initially pleading not guilty, appellant pleaded nolo contendere, reserving his right to appeal the prior denial of a motion to suppress. The trial court adjudicated appellant guilty of burglary and grand theft and sentenced him to one year in the county jail on each count, to run concurrently. He was also adjudicated guilty of escape and received a one year sentence to run consecutive to the sentence on the other two counts. The court ordered appellant to pay $10 to the Crimes Compensation Trust Fund, pursuant to section 960.-20, Florida Statutes (1981), and to pay $2 to the Law Enforcement Training and Correctional Officer Training Trust Funds, pursuant to section 943.25(4), Florida Statutes (1981). The court also fined appellant $10 to be paid to the Crimes Compensation Trust Fund, pursuant to section 775.0835, Florida Statutes (1981), under certain circumstances when injury or death results from the crime.
Appellant has several arguments on appeal. We find merit only in his argument that the court erred in assessing the foregoing costs and fine.
Because appellant had been adjudged insolvent it was error to impose the $10 and $2 costs.[1] Brown v. State, 427 So.2d 271 (Fla. 2d DCA, 1983). Brown was certified to the Florida Supreme Court as involving a question of great importance. Because the offenses to which appellant pleaded nolo contendere did not result in injury or death, it was error to impose the $10 fine under section 775.0835.
Accordingly, the judgment and sentence are AFFIRMED; however, the portions of the court’s order requiring appellant to pay costs and fines under sections 960.20, 943.-25(4) and 775.0835 are stricken.
HOBSON, A.C.J., and SCHEB, J., concur.

. The $10 cost was assessed on a standard printed judgment form. There is no showing that it. was assessed under section 27.56, Florida Statutes (1981), concerning reimbursement to the county for reasonable public defender fees and costs. Therefore, we do not treat the $10 as costs which could be assessed against an indigent defendant. See Anderson v. State, 415 So.2d 49 (Fla. 2d DCA 1982).