LEE J. CAIL, Associate Judge.
Appellant, defendant in the trial below, brings this appeal from the jury verdict and subsequent adjudication of guilty on the charge of dealing in stolen property. He has raised several points, among them being “whether the trial court erred in assessing court costs, crime compensation trust fund payment, and restitution of value of unre-covered clothing where appellant was declared indigent”. As to court costs and Crime Compensation Trust Fund payment, we reverse on the authority of Jackson v. State, 419 So.2d 394 (Fla. 4th DCA 1982). We note the apparent conflict with Jenkins v. State, 422 So.2d 1007 (Fla. 1st DCA 1982) and concede that there is merit to the view espoused therein by our sister court. However, until this conflict is resolved we consider it appropriate to follow our own prior decision. We decline to certify this ques *371 tion to the Supreme Court, in favor of some other case involving the same issues, as well as subject matter of greater substance.
Appellant’s remaining points on appeal, as well as the remaining portion of the point above referred to, are without merit.
Accordingly, the judgment and sentence herein are affirmed, except for that portion which assessed costs, as above set forth. As to such assessment of costs, we remand for vacation thereof for which appellant need not be present.
DOWNEY and LETTS, JJ., concur.