444 So.2d 947 (1984)
Keith Darnell JENKINS, Petitioner,
v.
STATE of Florida, Respondent.
No. 63000.
Supreme Court of Florida.
January 19, 1984.
*948 Michael E. Allen, Public Defender; Nancy A. Daniels and Steven L. Bolotin, Asst. Public Defenders, Tallahassee, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and Kathryn L. Sands, Asst. Atty. Gen., Jacksonville, for respondent.
OVERTON, Judge.
This is a petition to review an en banc decision of the First District Court of Appeal reported as Jenkins v. State, 422 So.2d 1007 (Fla. 1st DCA 1982), which approved the authority of a trial judge to tax costs against an indigent defendant for the Crimes Compensation Fund and the Florida Department of Law Enforcement Training Fund. The district court in its opinion expressly acknowledged conflict with Ivory v. State, 419 So.2d 695 (Fla. 2d DCA 1982); Johnson v. State, 419 So.2d 412 (Fla. 2d DCA 1982); Jackson v. State, 419 So.2d 394 (Fla. 4th DCA 1982); and Engle v. State, 407 So.2d 641 (Fla. 2d DCA 1981). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
The relevant circumstances reflect that the petitioner, after being charged with felony offenses, executed an affidavit of insolvency stating under oath that he was "totally insolvent and unable to pay the charges, costs, or fees in this cause, either in whole or in part." 422 So.2d at 1010. (Emphasis supplied.) The trial court entered an order of insolvency adjudging that the defendant be declared "totally insolvent." The petitioner was subsequently convicted of aggravated battery and carrying a concealed firearm. At the sentencing proceeding, the trial court imposed costs of ten dollars for the Crimes Compensation Fund under the authority of section 960.20, Florida Statutes (1981),[1] and two dollars for the Law Enforcement Training Fund under the authority of section 943.25(4), Florida *949 Statutes (1981).[2] During the same sentencing proceeding, petitioner's attorney asked for the appointment of the public defender to represent petitioner for the purposes of appeal. Upon inquiry, petitioner again indicated to the court that he had no funds. The court expressly acknowledged that petitioner's financial situation had not changed and appointed the public defender.
On appeal to the First District Court of Appeal, petitioner challenged the imposition of the Crimes Compensation and Law Enforcement Training Funds costs pursuant to sections 960.20 and 943.25(4), Florida Statutes (1981). The district court, on its own motion, voted to hear this cause en banc because the preliminary panel decision in this case conflicted with the court's prior decision in Mobley v. State, 414 So.2d 25 (Fla. 1st DCA 1982).
In affirming the assessment of costs against petitioner, the district court receded from Mobley. The court distinguished between attorney's fees and "large court costs," which the court conceded could not be assessed against an indigent defendant, and the "$12.00 or $24.00" costs for the Crimes Compensation and Law Enforcement Training Funds, which the court concluded are authorized to be assessed pursuant to sections 960.20 and 943.25(4), Florida Statutes (1981). The court distinguished the latter costs from other court costs and classified them as "special costs." The court also determined that our decision in State v. Byrd, 378 So.2d 1231 (Fla. 1979), and the first district's decision in Arnold v. State, 356 So.2d 862 (Fla. 1st DCA 1978), were not applicable to these types of costs. The district court held that, to avoid imposition of these costs, an indigent defendant must affirmatively object to the assessment and "convince the trial judge of his inability to pay the charge." 422 So.2d at 1008. The district court concluded that:
The trial court must find that the defendant is wholly unable to pay the $12.00 in costs and, if it so finds, shall discharge the defendant from the payment of the $12.00. See Section 939.05. The finding of indigency under Section 27.52 is not applicable to the costs imposed by Sections 920.20 and 943.25(4).
Id.
We must disagree with the district court's analysis and its affirmance of the trial court's assessment of costs in this instance. We agree, however, that a trial judge may, after compliance with due process requirements, tax these costs against an indigent defendant.
It is necessary that we reconcile this case with our prior decisions in Cox v. State, 334 So.2d 568 (Fla. 1976), and State v. Byrd, 378 So.2d 1231 (Fla. 1979). In Cox we held that costs, under the circumstances presented in that case, could not be assessed as part of a sentence of imprisonment against an indigent defendant, noting that section 939.15, Florida Statutes (1975),[3] directed the counties to pay all costs of an indigent defendant. In Byrd we modified that holding and explained that section 939.15 did not establish the right of an indigent defendant to have his costs paid by the government. We explained that the United States Supreme Court had already established this right as one guaranteed by the United States Constitution. See Mayer v. Chicago, 404 U.S. 189, 92 S.Ct. 410, 30 L.Ed.2d 372 (1971); Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). We held *950 in Byrd that section 939.15 was only intended "to prescribe which governmental entity in the State of Florida must pay the court costs of an indigent defendant in a criminal case." 378 So.2d at 1232. We also recognized the authority of the court to direct, in an order of probation, that a presently indigent defendant repay court costs in accordance with the principles set forth in Fuller v. Oregon, 417 U.S. 40, 94 S.Ct. 2116, 40 L.Ed.2d 642 (1974). Those principles require that, before the provision for repayment is enforced, a judicial determination must be made that the defendant has the ability to pay. It should be noted that the legislature, through section 27.56, provided a means for the county to establish a lien to recover the funds it had expended on behalf of an indigent defendant.[4] To ensure compliance with due process, section 27.56 requires "adequate notice" to the defendant that the county is seeking recovery of those costs and an opportunity for the defendant to be heard on that issue.
The existence of a similar lien statute for the recovery of state costs is not a prerequisite for the assessment of costs under sections 960.20 and 943.25 against an indigent defendant. The state must, however, provide adequate notice of such assessment to the defendant with full opportunity to object to the assessment of those costs. In addition, any enforcement of the collection of those costs must occur only after a judicial finding that the indigent defendant has the ability to pay in accordance with the principles enunciated in Fuller v. Oregon. Further, these costs have no priority over costs owed to the county pursuant to section 939.15.
In the instant case, there was no prior notice given to the defendant that these costs would be assessed against him at the sentencing hearing. Consequently, the assessment of costs was not appropriate in this case.
For the reasons expressed, we approve in part and disapprove in part the opinion of the district court. Our decision is without prejudice to the state to tax these costs in accordance with the procedure outlined in this opinion.
It is so ordered.
BOYD and EHRLICH, JJ., and TILLMAN PEARSON (Ret.), Associate Justice, concur.
ALDERMAN, C.J., dissents with an opinion with which ADKINS and McDONALD, JJ., concur.
ALDERMAN, Chief Justice, dissenting.
I would approve the decision of the First District Court of Appeal. As pointed out by Judge Mills in his opinion:
The costs issue was not presented to the trial judge. At the sentencing proceeding the judge, in open court and before Jenkins and his counsel, imposed the costs. He then found Jenkins indigent and appointed the public defender to represent him on appeal. It is not apparent that these are inconsistent. Section 27.52, Florida Statutes (1981), establishes the criteria for a determination of indigency. Even the most cursory reading of that statute, as well as common sense, reveals that a defendant may be unable to afford attorneys and the large court costs dealt with in State v. Byrd, 378 So.2d 1231 (Fla. 1979), or Arnold v. State, 356 So.2d 862 (Fla. 1st DCA 1978), but is still easily able to pay $12.00 or $24.00. Jenkins was given ample opportunity to object and to convince the trial judge of his inability to pay the charge. He failed to take advantage of either.

*951 Sections 939.05 and 939.15, as well as 924.17, are asserted as protecting Jenkins from the costs assessment. These are the statutes applied in Arnold and Byrd, supra. Neither are applicable to the special costs imposed by Sections 960.20 and 943.25(4), Florida Statutes (1981). See Griggs v. State, 416 So.2d 1270 (Fla. 5th DCA 1982).
We recede from our decision in Mobley v. State. A defendant who objects to the imposition of costs under Sections 960.20 and 943.25(4) shall be required to timely object on the ground of insolvency and shall offer due proof of insolvency in open court.
The trial court must find that the defendant is wholly unable to pay the $12.00 in costs and, if it so finds, shall discharge the defendant from the payment of the $12.00. See Section 939.05. The finding of indigency under Section 27.52 is not applicable to the costs imposed by Sections 960.20 and 943.25(4).
Jenkins v. State, 422 So.2d 1007, 1008 (Fla. 1st DCA 1982) (emphasis supplied).
There is no need for further proceedings. The trial court did not err in assessing costs for the Crimes Compensation Fund and for the Law Enforcement Training Fund against this defendant.
ADKINS and McDONALD, JJ., concur.
NOTES
[1] Section 960.20, Florida Statutes (1981), reads as follows:

Additional costs.  When any person, after January 1, 1978, pleads guilty or nolo contendere to, or is convicted of, any felony or misdemeanor under the laws of this state, there shall be imposed as an additional cost in the case, in addition and prior to any other cost required to be imposed by law, the sum of $10. The clerk of the court shall collect and forward $9 of each $10 collected to the Treasurer, to be deposited in the Crimes Compensation Trust Fund. The clerk shall retain the remaining $1 of each $10 collected as a service charge of the clerk's office. Under no condition shall a political subdivision be held liable for the payment of this sum of $10.
[2] Section 943.25(4), Florida Statutes (1981), provides that "[a]ll courts created by Art. V of the State Constitution shall assess $2 as a court cost against every person convicted for violation of a state penal or criminal statute... ."
[3] Section 939.15, Florida Statutes (1975), reads as follows:

Costs paid by county in cases of insolvency.  When the defendant in any criminal case pending in any circuit or county court, a district court of appeal or the supreme court of this state has been adjudged insolvent by the circuit judge or the judge of the county court, upon affidavit and proof as required by s. 924.17 in cases of appeal, or when the defendant is discharged or the judgment reversed, the costs allowed by law shall be paid by the county in which the crime was committed, upon presentation to the county commissioners of a certified copy of the judgment of the court against such county for such costs.
[4] Section 27.56, Florida Statutes (1981), entitled "Assistance; lien for payment of attorney's fees or costs," authorizes a court to assess attorney's fees and costs against the person who has been adjudicated guilty and who has received the assistance of court-appointed counsel. The court may order payment of these costs as a condition of probation or suspension of sentence. The section further provides that, when the court determines the amount of these costs, the defendant shall have adequate notice thereof and shall have the opportunity to object to the court's determination.