PER CURIAM.
This case comes to us on appeal pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Appellant has been given an opportunity to file a supplemental brief in proper person but has chosen not to respond. Accordingly, having reviewed both the Anders brief filed by the public defender and the record on appeal, we find no reversible error with respect to the judgment and sentence. “However, because the appellant was found insolvent by the trial court, that portion of the court’s order requiring the appellant to pay court costs and to make payments to the Victim’s Crime Compensation Fund is stricken.” Music v. State, 429 So.2d 101 (Fla. 2d DCA 1983); see also Brown v. State, 427 So.2d 271 (Fla. 2d DCA 1983). Furthermore, the portions of the sentencing order requiring both the payment of restitution and the payment of the public defender’s fee as conditions of parole are also stricken because a trial court is without jurisdiction to impose conditions of parole. Alexander v. State, 426 So.2d 1197 (Fla. 2d DCA 1983); Tindell v. State, 423 So.2d 635 (Fla. 2d DCA 1982).
Affirmed as modified.
HOBSON, A.C.J., and BOARDMAN and RYDER, JJ., concur.