OVERTON, Justice.
This is a petition to review a decision of the Second District Court of Appeal reported as Brown v. State, 427 So.2d 271 (Fla. 2d DCA 1983). The issue before the district court was whether the trial court erred in assessing against the respondent, who was adjudged partially insolvent, costs of ten dollars pursuant to section 960.20, Florida Statutes (1981) (Crimes Compensation Fund); two dollars pursuant to section 943.25(4), Florida Statutes (1981); and one dollar pursuant to section 943.25(8), Florida Statutes (1981) (Law Enforcement Training and Correctional Officer Training Trust Funds). The district court held that because the respondent had been adjudged insolvent, the trial court erred in assessing these costs against him. Acknowledging conflict with the decision of the First District Court of Appeal in Jenkins v. State, 422 So.2d 1007 (Fla. 1st DCA 1982), the district court in the instant case certified the following question to be one of great public importance:
DOES AN ADJUDICATION OF INDI-GENCY UNDER SECTION 27.52, FLORIDA STATUTES (1981), AUTOMATICALLY BAR ASSESSMENT OF COSTS AGAINST A DEFENDANT PURSUANT TO SECTION 960.20 AND SECTION 943.25(4) AND (8)?
427 So.2d at 273. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. For the reasons expressed in our decision in Jenkins v. State, 444 So.2d 947 (Fla.1984), we answer the certified question in the negative. Although we disapprove the reasoning of the district court’s decision in the instant case, *932 we approve the result reached. The assessment of costs would not be appropriate in this case because the respondent was not afforded prior notice of and an opportunity to object to the assessment of these costs.
It is so ordered.
ADKINS, BOYD, EHRLICH and SHAW, JJ., concur.
ALDERMAN, C.J., dissents with an opinion in which McDONALD, J., concurs.