PER CURIAM.
After reviewing the briefs and record on appeal, we find the appellant has failed to demonstrate any reversible error, and we, therefore, affirm the judgment and sentence. We do find error, however, in the assessment of costs against the appellant.
The trial court adjudged appellant insolvent. Near the conclusion of the sentencing hearing, a public defender’s lien was imposed on the appellant pursuant to section 27.56, Florida Statutes (1985), after appellant agreed that the $280 suggested by the assistant public defender was a reasonable fee for that purpose. Thereafter, the court also assessed costs against appellant in the amount of $20 pursuant to section 960.20, Florida Statutes (1985) and $2 pursuant to section 943.25(4), Florida Statutes (1985). The record does not reveal that the appellant was given adequate notice of, or was afforded an opportunity to object to, the assessments as required by Jenkins v. State, 444 So.2d 947 (Fla.1984). The fact that appellant agreed that $280 was a reasonable amount for the public defender’s fee is not synonymous with an admission of ability to pay the costs subsequently assessed. We, accordingly, strike the costs assessed pursuant to sections 943.25(4) and 960.20, Florida Statutes (1985) without prejudice to the trial court assessing costs against appellant in accordance with Jenkins. We affirm the judgment and sentence in all other respects.
Affirmed in part, reversed in part, and remanded.
SCHOONOVER, A.C.J., and LEHAN and FRANK, JJ., concur.