DANAHY, Chief Judge.
The defendant challenges the imposition of costs as part of his sentence. He argues first that the trial judge erred in assessing costs pursuant to sections 960.20, 943.25(4), and 943.25(8), Florida Statutes (1985), without affording the defendant notice or hearing. He is correct. Such costs may properly be taxed against an indigent defendant, as the defendant was found to be, but only upon due notice and hearing. Jenkins v. State, 444 So.2d 947 (Fla.1984). Consequently, we strike that part of the judgment assessing payment of these costs and remand for a hearing in accordance with the requirements of Jenkins if costs are to be reassessed under these statutes.
The defendant also objects to the manner in which the trial judge imposed costs pursuant to section 27.3455, Florida Statutes (1985). The judgment provides “no gain time until $200 judicial costs per statute 27.3455 are paid in full.” The trial judge was without authority to impose that condition. Under section 27.3455, if a defendant is found to be indigent, the trial judge is required to sentence such a person to a term of community service in lieu of the costs prescribed in that section, and such an indigent person shall be eligible to accrue gain time and shall serve the term of community service at the termination of incarceration. Accordingly, we strike the quoted provision of the judgment and remand for the imposition of a term of community service in lieu of the costs assessed under section 27.3455.
Reversed and remanded for entry of amended judgment consistent with this opinion.
HALL and SANDERLIN, JJ., concur.