PER CURIAM.
The appellant, Joyce Atyeo, appeals that portion of the final judgment and sentence entered against her which imposes certain court costs. After reviewing the briefs and record on appeal, we agree that the trial court erred in assessing these costs.
After adjudging appellant insolvent, the trial court assessed costs against her in the amount of $20 pursuant to section 960.-20, Florida Statutes (1983), $2.50 pursuant to section 943.25(4), Florida Statutes (1983), and $2 pursuant to section 943.25(8), Florida Statutes (1983). Since appellant was adjudged insolvent and was not given either adequate notice of the assessment of these costs or an opportunity to object to the assessment, we hereby strike the costs. Jenkins v. State, 444 So.2d 947 (Fla.1984). This decision is without prejudice to the trial court assessing costs against appellant in accordance with the requirements of Jenkins.
The court also erred in imposing, over appellant’s objection, $200 court costs pursuant to section 27.3455, Florida Statutes (1985). Appellant’s crime of burglary of a dwelling was committed during the month of May 1985. Section 27.3455 became effective on July 1, 1985. The trial court’s imposition of these costs, therefore, violated constitutional ex post facto restrictions. See U.S.Const. art. I, § 9, cl. 3 and § 10, cl. 1; Fla. Const. art. I, § 10; Bowman v. State, 495 So.2d 868 (Fla. 2d DCA 1986) [11 FLW 2173]; see also, Yost v. State, 489 So.2d 131 (Fla. 5th DCA 1986).
We, accordingly, strike that portion of the judgment imposing $200 court costs against the appellant pursuant to section 27.3455 and certify the following question to the supreme court as a question of great public importance:
DOES THE APPLICATION OF SECTION 27.3455, FLORIDA STATUTES (1985) TO CRIMES COMMITTED PRI *592 OR TO THE EFFECTIVE DATE OF THE STATUTE VIOLATE THE EX POST FACTO PROVISIONS OF THE UNITED STATES AND OF THE STATE OF FLORIDA, OR DOES THE STATUTE MERELY EFFECT A PROCEDURAL CHANGE AS IS PERMITTED UNDER STATE V JACKSON, 478 S0.2D 1054 (FLA.1985)?
GRIMES, A.C.J., and CAMPBELL and SCHOONOVER, JJ., concur.