SANDERLIN, Judge.
Appellant challenges his judgment and sentences for aggravated battery and pos *587 session of a firearm by a convicted felon. For the reasons stated below, we affirm in part and reverse in part.
First, appellant claims that the trial court erred in imposing costs against him under section 27.3455, Florida Statutes (1985). Appellant had been adjudicated indigent on two previous occasions for purposes of trial. At sentencing, the trial court did not address the issue of court costs. Following sentencing, the judgment reflected court costs of $200. Appellant subsequently moved pursuant to Florida Rule of Criminal Procedure 3.800 to correct the imposition of costs under section 27.-3455. The trial court converted the $200 court costs to community service. On appeal, appellant now argues that the conversion of court costs to community service should be stricken and asserts that the application of section 27.3455 against him violates ex post facto provisions of the Florida and Federal Constitutions. Appellant failed to raise this objection in the trial court; therefore, he has waived the right to assert his ex post facto argument on appeal. See Johnson v. State, 495 So.2d 188 (Fla. 2d DCA 1986). Accordingly, we affirm on this point.
Second, appellant correctly points out that the trial court did not afford him notice or a hearing before assessing costs under section 943.25(8), as required by Jenkins v. State, 444 So.2d 947 (Fla.1984). Accordingly, we strike these costs and remand to the trial court to afford appellant the procedural requirements of Jenkins.
Third, appellant argues that the trial court erred in failing to provide written reasons for departure from the recommended guidelines sentence. We agree, State v. Jackson, 478 So.2d 1054 (Fla.1985), and reverse appellant’s sentences and remand for resentencing. On resentencing, the trial court may find guidance in the supreme court’s recent decision in Williams v. State, 500 So.2d 501' (Fla.1986).
Affirmed in part, reversed in part, and remanded with directions for proceedings consistent with this opinion.
DANAHY, C.J., and BOARDMAN, EDWARD F., (Ret.), J., concur.