UPCHURCH, Chief Judge.
Appellant, Clarence H. Hall, appeals from a sentence of imprisonment followed by community control after conviction of *672 possession of a firearm by a convicted felon. § 790.23, Fla.Stat. (1985).
The only question in which we find merit is whether the trial court properly assessed a $3000 fine for additional court costs. Hall contends the court did not determine his ability to pay as required by Jenkins v. State, 444 So.2d 947 (Fla.1984). In Jenkins the Florida Supreme Court held that the state must provide adequate notice to the defendant of an assessment of costs with full opportunity to object to the assessment of those costs. In addition, any enforcement of collecting those costs can occur only after there is a judicial finding that the defendant has the ability to pay. This court followed the Jenkins decision in Gordon v. State, 497 So.2d 661 (Fla. 5th DCA 1986) in holding that costs may not be assessed against an indigent defendant without a determination that he has the ability to pay. Therefore, the portion of the judgment imposing court costs must be reversed without prejudice to the state to prove entitlement to those costs.
REVERSED in part, REMANDED.
DAUKSCH and COWART, JJ., concur.