THREADGILL, Judge.
The state charged Charles Arthur Cran-nell with discharging a destructive device causing property damage and possession of explosives. He was adjudicated guilty following a jury trial and sentenced to a ten-year minimum mandatory term for discharging a destructive device and two and one-half years for possession of explosives. On appeal we find merit only in his contention that the trial court improperly denied gain time and imposed court costs.
The written judgment reflects that costs were imposed pursuant to sections 27.3455, 943.25(4) and 960.20, Florida Statutes (1985). In addition, the written judgment indicated that Crannell, an indigent, would be denied gain time until the chapter 27.-3455 costs were paid. The imposition of these costs was never orally announced to Crannell at sentencing, nor was he notified that these costs would be imposed.
Crannell correctly contends that the denial of gain time violates the ex post facto clause of both the United States and Florida Constitutions. State v. Yost, 507 So.2d 1099 (Fla.1987). He also argues that imposition of these costs was error because he received no notice that they would be imposed. We agree. See Jenkins v. State, 444 So.2d 947 (Fla.1984). Accordingly, we strike the costs and portion of the judgment denying gain time without prejudice to the state to proceed against Crannell to impose costs pursuant to Jenkins.
DANAHY, C.J., and FRANK, J., concur.