PER CURIAM.
The appellant, Kenneth Wagner, appeals the revocation of a term of probation he was serving for second degree grand theft and the sentence imposed following that revocation. He also appeals the judgments and sentences entered after he pled nolo contendere to four other charges, specifically reserving his right to appeal the denial of his motion to suppress. We find no error in the trial court’s denial of the appellant’s motion to suppress. The trial court, however, did err in assessing costs against the appellant, an indigent defendant, without notice or opportunity to be heard. We, accordingly, strike the costs but affirm the judgments and sentences in all other respects.
At sentencing on the various charges, the trial court made no oral pronouncement of its intention to assess any costs. In the written judgment on the grand theft charge, however, the trial court ordered the appellant to pay $2 pursuant to section 943.25(8), Florida Statutes (1985). Furthermore, in the written judgment for the other four charges, all of which were alleged to have occurred on July 1, 1985, the trial court ordered the appellant to pay $200 pursuant to section 27.3455, Florida Statutes (1985), $20 pursuant to section 960.20, Florida Statutes (1985), $2.50 pursuant to section 943.25(4), Florida Statutes (1985), and $2 pursuant to section 943.25(8), Florida Statutes (1985). Since the trial court made no mention of costs during the sentencing bearing but later imposed them in the written judgments, the trial court failed to comply with the notice and hearing requirements of Jenkins v. State, 444 So.2d 947 (Fla.1984). We, therefore, strike all costs without prejudice to the trial court’s ability to reassess the costs after complying with the requirements of Jenkins.
Affirmed in part, reversed in part.
DANAHY, C.J., and SCHEB and SCHOONOVER, JJ., concur.