HALL, Judge.
Sylvester Morris appeals his judgment and sentence for sexual battery with slight force and burglary of an occupied dwelling. He raises several points in this appeal, but we find merit only in his argument that the trial court improperly imposed certain costs.
At the sentencing hearing the trial court declared the appellant indigent and directed him to perform community service in lieu of paying the $200 in costs required by section 27.3455, Florida Statutes (1985). The court also declared that it would enter a final judgment against the appellant in the amount of $800 for the services of the public defender, § 27.56, Fla.Stat. (1985), unless such judgment was shown to be unreasonable. The appellant and his attorney conferred, and the attorney stated that *391 the appellant did not want to be heard on the matter.
In conformance with the trial court’s pronouncement at sentencing, the final judgment contained in the record of this cause assesses attorney’s fees pursuant to section 27.56. Because the appellant did not object to this assessment at sentencing, he waived any review of it by this court. However, the final judgment adjudicating the appellant guilty requires the appellant to pay $15 pursuant to Hillsborough County Code, section 2-293 (1982), $20 pursuant to section 960.20, Florida Statutes (1985), and $2.50 pursuant to section 943.-25(4), Florida Statutes (1985). The appellant correctly argues that the trial court erred in imposing these additional costs without affording him advance notice and an opportunity to be heard. Jenkins v. State, 444 So.2d 947 (Fla.1984).
Accordingly, we affirm the appellant’s judgment and sentences except we strike that part of the judgment imposing costs pursuant to sections 960.20 and 943.25(4), Florida Statutes (1985) and Hillsborough County Code, section 2-292 (1982). Those costs are stricken without prejudice to the state to seek to assess them after proper notice and hearing.
CAMPBELL, A.C.J., and SCHOONOVER, J., concur.