HALL, Acting Chief Judge.
David F. Reeves seeks correction of his sentence for failure to appear and alleges error in the imposition of costs upon him. We find merit in both his points on appeal.
At a hearing in Charlotte County the appellant was sentenced pursuant to a plea agreement in cases 87-810, 87-811, 87-812. At the time the appellant was also serving a sentence in Pinellas County. The trial court pronounced that the sentences imposed in Charlotte County were to run concurrently with each other and that the sentence in this case, no. 87-812, was to run consecutively to the Pinellas County sentence. However, the written sentence reflects that the sentence in this case is to run consecutively to the sentence in case no. 87-810 and concurrently with the Pinel-las County sentence. The appellant argues, and the state agrees, that this is a scrivenor’s error. Therefore, we remand for correction of the written judgment and sentence to reflect that the sentence for failure to appear in case no. 87-812 is to run concurrently with the sentence in case no. 87-810 and consecutively to the sentence in Pinellas County.
The appellant also correctly argues that the trial court erred in imposing court costs against him without notice and without determining that he had the ability to pay. See Jenkins v. State, 444 So.2d 947 (Fla. 1984).
Accordingly, we strike the costs without prejudice to the state to seek reimposition of the costs after notice and hearing.
Reversed and remanded.
THREADGILL and PARKER, JJ., concur.