PER CURIAM.
Appellant, Kenneth Stinnett, argues that there are three errors contained in the judgment and sentence entered against him after he pleaded nolo contendere to the charges of kidnapping, sexual battery, burglary and attempted first degree murder. Appellee, State of Florida, concedes error in two of the issues raised by appellant. The first of the conceded errors relates to the application of credit for time served to each of appellant’s four concurrent sen *363 tences. Appellant was credited for 263 days for time served on the sentences for kidnapping and sexual battery. On remand, that same credit should also be applied to the sentences for burglary and attempted first degree murder. The second conceded error lies in the clerical error of designating attempted first degree murder as a capital felony in the written judgment. The judgment against appellant for attempted first degree murder should have been designated as a felony of the first degree and, on remand, the judgment shall be corrected to so reflect. §§ 777.04(4)(a) and 782.04(l)(a), Fla.Stat. (1985).
Finally, appellant urges that costs were imposed against him without notice and opportunity to be heard. While the statutes requiring the imposition of costs are mandatory, the case of Jenkins v. State, 444 So.2d 947 (Fla.1984), requires us to strike those costs imposed without notice to appellant and opportunity to be heard relative to the imposition of those mandatory costs. We therefore strike the costs imposed against appellant without prejudice to appellee to seek the reimposition of those costs after notice and opportunity to be heard. If costs under section 27.3455, Florida Statutes (1985) are sought, those costs may be imposed as provided in the amendment to that statute effective October 1, 1986. Such a retroactive application of the amendment does not violate the constitutional prohibitions against ex post fac-to laws. Jones v. State, 507 So.2d 763 (Fla. 1st DCA 1987); Comer v. State, 502 So.2d 513 (Fla. 1st DCA 1987).
Appellant’s judgment and sentence are reversed and remanded for reimposition in accordance with this opinion.
CAMPBELL, C.J., and SCHEB and LEHAN, JJ., concur.