DOWNEY, Judge.
Riley, an indigent defendant, was convicted of possession of cocaine and sentenced to three years in prison, plus payment of $20 to the Crimes Compensation Trust Fund, pursuant to section 960.20, Florida Statutes, and $5 court costs, pursuant to section 943.25, Florida Statutes. Riley was given no notice of the impending taxation of costs, nor was the subject mentioned at sentencing.
Almost five years ago the Supreme Court of Florida, in Jenkins v. State, 444 So.2d 947 (Fla.1984), clearly held that costs, such as were assessed in this case, can be taxed against indigent defendants, but due process requires that the defendant be given adequate notice thereof and an opportunity to object thereto. Then, before enforcement of said assessment, there must be a judicial finding that the indigent defendant has the ability to pay in accordance with the principles enunciated in Fuller v. Oregon, 417 U.S. 40, 94 S.Ct. 2116, 40 L.Ed.2d 642 (1974).
Now, five years later, Riley, an indigent, presents this appeal from the assessment of costs without notice and the error is so blatant that the attorney general concedes the error. In the interim, the offices of the public defender and attorney general are busy processing a matter that should never have come to pass. We take the time to mention this because, while it is the sole point on appeal in the present case, it is not an unusual point on appeal. It is frequently one of several points on appeal these days and we suggest it should not be.
As Judge Stone said while concurring specially in Whiters v. State, 533 So.2d 1210 (Fla. 4th DCA 1988):
I note that Jenkins has now been cited in over 300 opinions. Those judges and clerks of this district who have not already done so should insure that a system is established to avoid the continuing assessment of costs, contrary to law, without notice and hearing.
We suggest that the trial judges should tailor their judgments to eliminate those printed provisions for costs in the *928 judgment and sentence where inapplicable. The state attorney and defense counsel should assist in seeing that judgments and sentences are correct in this regard. Finally, if all else fails, it would seem counsel could stipulate, with the court’s approval, that inappropriate costs be stricken, thus obviating all of the time, effort and expense uselessly involved in processing such a point on appeal.
The assessment of costs contained in the judgment appealed from is reversed and the cause is remanded to the trial court with directions to strike the costs therefrom.
HERSEY, C.J., and ANSTEAD, J., concur.