PER CURIAM.
Lawrence Valicenti appeals his convictions for carrying a concealed firearm, possession of drug paraphernalia and possession of a firearm by a convicted felon. Valicenti argues that the state was required to give notice of intent to seek habitual offender status pursuant to section 775.084(3)(b), Florida Statutes (1987) which provides:
Written notice shall be served on the defendant and his attorney a sufficient time prior to the entry of a plea or prior to the imposition of sentence so as to allow the preparation of a submission on behalf of the defendant.
Although Valicenti acknowledges that his attorney was given notice of the intent to seek habitual offender status, he argues that the statute requires that he, personally, also receive notice. We reject this argument. Rule 3.030(b), Rules of Criminal Procedure, provides that where a party is represented by counsel, service shall be made upon the attorney unless service upon the party himself is ordered by the court. Additionally, we note that Valicenti failed to object to the sufficiency of service at the time that it was given.
Next Valicenti argues that the court erred in taking judicial notice of the fact that Florida law does not require that a gun be registered to the owner. Contrary to Valicenti’s assertion, such judicial notice is not an improper comment on the evidence but is merely an acknowledgment of existing Florida law.
Likewise, we reject Valicenti’s argument that the trial court should have given an instruction on “attempted” possession of a firearm by a convicted felon. Where there is no evidence to support such an instruction, it is not required. See Rule 3.510(a), Florida Rules of Criminal Procedure. Here the record indicates that Vali-centi had a gun in his possession. Two officers testified that they observed Vali-centi with the weapon in his hand, and Valicenti himself acknowledged that he had the gun in his possession. Valicenti argues that he was entitled to the instruction on *433 attempted possession because it was necessary that he take the gun to protect himself. Although “necessity” can be a defense to a charge of possession of a firearm by a convicted felon, Marrero v. State, 516 So.2d 1052 (Fla. 3d DCA 1987), the record does not indicate that Valicenti ever requested such an instruction on the defense of necessity. And in any case, even if there were evidence to support an instruction on the defense of necessity this would not necessarily support an instruction on attempted possession.
Although we reject the preceding arguments we do find merit in Valicenti’s contention that the trial court erred in ordering him to pay public defender fees and court costs. The record does not reveal that Valicenti was given notice and an opportunity to be heard prior to the time that those costs were imposed. See, Jenkins v. State, 444 So.2d 947 (Fla.1984.)
Affirmed in part; Reversed in part and Remanded for further proceedings consistent herewith.
DOWNEY, WALDEN and POLEN, JJ., concur.