QUINCE, PEGGY A., Associate Judge.
Appellant, Jacqueline M. Bass, challenges the constitutionality of section 744.331, Florida Statutes (1997), which allows Hillsborough County (the County) to recover sums expended by the County in compensation to examining physicians in guardianship proceedings. We find that Bass was erroneously denied the opportunity to be heard on the issue prior to costs being imposed, and reverse. Finding that reversal is warranted on procedural grounds, we decline to address the constitutional issue raised on appeal.
*173 Following her mother’s death, Bass became the guardian for Gene Wiley, her brother, who has been incompetent since childhood. Thereafter, she applied to the County to have a guardian appointed for Wiley. Three physicians examined Wiley on behalf of the County and determined that he was totally incapacitated. The County then petitioned the court for payment of funds it had expended, in retaining the services of the three examining physicians. Fees were awarded to the County without benefit of a hearing. On Bass’s motion for reconsideration, a nonevidentia-ry hearing was held, the fees amount affirmed, and the statute declared constitutional.
The trial court’s failure to accord Bass a full and fair opportunity to be heard on the issue of fees was error. Bass was entitled to a hearing to object to the amount of the fees sought to be imposed. See Jenkins v. State, 444 So.2d 947 (Fla.1984).[1] Absent such a hearing, Bass was denied due process. On remand, Bass must be accorded a full and fair opportunity to be heard on the fees issue.
NORTHCUTT, A.C.J., and CASANUEVA, J., Concur.

. In State v. Beasley, 580 So.2d 139 (Fla.1991), the Court reaffirmed Jenkins v. State, 444 So.2d 947 (Fla.1984), with regard to the due process requirement, but clarified that a court did not need to make a judicial determination that the defendant had an ability to pay before assessing costs.