497 So.2d 1292 (1986)
Johnny Ray GAFFNEY, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1898.
District Court of Appeal of Florida, Fifth District.
November 13, 1986.
James B. Gibson, Public Defender, and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Jim Easley, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
We affirm defendant's conviction and sentence. However, while we uphold the constitutionality of section 27.3455, Florida Statutes,[1] we vacate the assessment of $200 in court costs imposed on the defendant pursuant to that statute because the record fails to show that the defendant was given notice of, and an opportunity to object to, the imposition of these costs. Further, the defendant had earlier been found to be insolvent and the court failed to make a determination that the indigent defendant had the ability to pay the costs imposed and, alternatively, failed to give the indigent defendant a term of community service in lieu of payment of costs. See Lawton v. State, 492 So.2d 404 (Fla. 1st DCA 1986).[2]See also Jenkins v. State, 444 So.2d 947 (Fla. 1984); Gordon v. State, 497 So.2d 661 (Fla. 5th DCA 1986).
The judgment and sentence are affirmed except that portion of the judgment imposing costs under section 27.3455, Florida Statutes, is vacated and the cause remanded for further proceedings.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
COBB and COWART, JJ., concur.
SHARP, J., dissents with opinion.
SHARP, Judge, dissenting.
As set forth in my dissenting opinion in Hightower v. State, 488 So.2d 106 (Fla. 5th *1293 DCA 1986), I think the offense of lewd and lascivious conduct,[1] can be a lesser included offense of sexual battery.[2] In this case, I think it was a lesser included offense of the sexual battery charge and it was therefore error for the trial court not to have given the jury appellant's requested instruction on section 800.04.[3]
The evidence was conflicting as to whether or not Gaffney had actually committed sexual battery. He testified he had not, although he admitted he touched the child's sex organ with his hand and while lying on top of her, rubbed the exterior of her sex organ with his. He denied penetrating her, or any intent to do so. The evidence of actual penetration was unclear.
If believed by the jury, Gaffney's version constitutes the crime of lewd and lascivious conduct. But it would not qualify as sexual battery under section 794.011(2), because the essential elements of (1) penetration or (2) injury and attempt to commit sexual battery are missing. Section 800.04, Florida Statutes (1985) provides:
Any person who:
(1) Handles, fondles, or makes an assault upon any child under the age of 16 years, in a lewd, lascivious or indecent manner,
(2) Commits an act defined as sexual battery under s. 794.011(1)(h) upon any child under the age of 16 years; or
(3) Knowingly commits any lewd or lascivious act in the presence of any child under the age of 16 years without committing the crime of sexual battery. .. . (Emphasis supplied).
In my view, the conduct admitted to by appellant in this case equates to the crime defined in section 800.04(3) and as defined by the Legislature, it is a lesser included offense of sexual battery. The preamble to Chapter 84-86, Laws of Florida states:
Whereas, the intent of the Legislature was and remains to prohibit lewd and lascivious acts upon children, including sexual intercourse... .
Thus, I would reverse and remand for a new trial.
NOTES
[1] See Butler v. State, 492 So.2d 757 (Fla. 4th DCA 1986); State v. Castro, 491 So.2d 313 (Fla. 2d DCA 1986); State v. Johnson, 495 So.2d 188 (Fla. 2d DCA 1986); Lawton v. State, 492 So.2d 404 (Fla. 1st DCA 1986). See also Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970).
[2] The First District Court later certified the following question as one that will have a great effect on the proper administration of justice throughout the state:

Whether the procedural due process safeguards espoused in Jenkins v. State, 444 So.2d 947 (Fla. 1984), apply to the imposition of costs under Section 27.3455, Florida Statutes (1985).
Lawton v. State, 492 So.2d at 407.
[1] § 800.04, Fla. Stat. (1985).
[2] § 794.011(2), Fla. Stat. (1985).
[3] State v. Bruns, 429 So.2d 307 (Fla. 1983); State v. Abreau, 363 So.2d 1063 (Fla. 1978).