PER CURIAM.
We affirm appellant’s conviction and sentence. We also affirm the trial court’s *1331 order taxing $200 costs against appellant pursuant to section 27.3455, Florida Statutes (1985), without prejudice to appellant, upon proper motion, to seek community service in lieu of the costs as provided in this statute. Butler v. State, 492 So.2d 757 (Fla. 4th DCA 1986). However, we reverse the trial court’s order taxing $22.50 costs pursuant to sections 960.20 and 943.-25, Florida Statutes (1985) because the trial court failed to give appellant notice and an opportunity to object to the assessment of these costs. Our reversal is without prejudice to the state to seek reassessment of these costs in accordance with Jenkins v. State, 444 So.2d 947 (Fla.1984).
Section 27.3455 permits an indigent defendant to seek community service as an alternative and places the burden of asking for such relief upon him. Sections 960.20 and 943.25 do not provide for such an alternative. Therefore we hold that the rationale of Jenkins is not applicable to costs taxed under section 27.3455. We recognize that our opinion is in conflict with Hughes v. State, 497 So.2d 938 (Fla. 1st DCA 1986) and Gaffney v. State, 497 So.2d 1292 (Fla. 5th DCA 1986).
AFFIRMED IN PART and REVERSED IN PART.
DELL, GUNTHER and STONE, JJ., concur.