507 So.2d 1133 (1987)
Jeanne Marie HARRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1519.
District Court of Appeal of Florida, Fifth District.
April 23, 1987.
Rehearing Denied June 1, 1987.
*1134 James B. Gibson, Public Defender and Nancye R. Crouch, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
Jeanne Marie Harris appeals the imposition of certain costs as part of her three-year probationary period. We affirm in part and reverse in part. Harris was not given notice of and an opportunity to object to the imposition of $20.00 in costs under the Crime Compensation Fund, $250.00 for costs of prosecution, and $200.00 pursuant to section 27.3455, Florida Statutes (1985). Therefore, this case is remanded for the lower court to proceed in accordance with the procedure set forth in Jenkins v. State, 444 So.2d 947 (Fla. 1984). Additionally, since Harris had been adjudicated indigent for purpose of trial, the court must make a determination that Harris has the ability to pay the costs imposed pursuant to section 27.3455 before imposing them. See Gaffney v. State, 497 So.2d 1292 (Fla. 5th DCA 1986); Lawton v. State, 492 So.2d 404 (Fla. 1st DCA 1986); Chance v. State, 498 So.2d 1064 (Fla. 5th DCA 1986). Contra, Roudabush v. State, 502 So.2d 532 (Fla. 4th DCA 1987); Mays v. State, 502 So.2d 1330 (Fla. 4th DCA 1987). Should the court find that Harris is indigent for the purposes of this section, it must impose community service time in lieu of these costs.
REVERSED in part; AFFIRMED in part; and REMANDED.
UPCHURCH, C.J., and ORFINGER, J., concur.