508 So.2d 1311 (1987)
Anthony S. OUTAR, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1713.
District Court of Appeal of Florida, Fifth District.
June 18, 1987.
James B. Gibson, Public Defender, and James R. Wulchak, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Outar appeals the trial court's imposition of $200.00 in costs pursuant to section 27.3455, Florida Statutes (1985), which conditioned the accrual of gain time upon full payment of such costs. We vacate that portion of the sentence imposing said costs and remand for further proceedings because the record shows the trial court made no determination that Outar was financially able to pay the $200.00 in costs assessed.[1]
It is erroneous to impose costs pursuant to section 27.3455 if the trial court does not give the defendant adequate notice and opportunity to object to their imposition,[2] and *1312 if no determination is made that he can afford to pay the costs. Nor can a defendant waive consideration of these fundamental errors by merely failing to object thereto. Due process requires a judicial determination that appellant has an ability to pay court costs. Jenkins v. State, 444 So.2d 947 (Fla. 1984).
Here, Outar was twice adjudicated indigent by the trial court, first in appointing counsel for trial and second in appointing counsel for this appeal immediately after the sentencing. There is clearly doubt that Outar became nonindigent in the few moments between trial and appeal. Upon remand the trial court must give Outar an opportunity to be heard to determine whether he has the ability to pay costs. If not he must be given a term of community service in lieu of payment of costs.[3]
SENTENCE VACATED; CAUSE REMANDED.
COBB, J., concurs.
COWART, J., dissents with opinion.
COWART, Judge, dissenting.
By section 27.3455, effective July 1, 1985, the legislature provided that certain court costs be imposed on persons convicted in criminal cases and also provided that until such assessed costs were paid, no accrued gain time would be granted persons in confinement and that indigents were to be placed on community service in lieu of such assessed costs. After the effective date of this statute, trial courts commenced applying the statute as to offenses committed before the effective date of the statute. Appellate defense counsel immediately saw a constitutional ex post facto problem with this retroactive application of the statute. The State argued that the statute constituted but a procedural change which could be constitutionally applied retroactively. A slew of district court of appeal cases considered the issue as framed and denied the statute's retroactive application. The question was certified to the supreme court and considered there in State v. Yost, 507 So.2d 1099 (Fla. 1987).
While Yost was concerned with the assessment of costs being unconstitutional because of the retroactive application of the statute to crimes occurring before the effective date of the statute, the rationale of that decision was, in substance, an application of the greater principle that a criminal penalty cannot be imposed in lieu of payment of money because such an application is unconstitutional, not because of any ex post facto application, but because it unconstitutionally penalizes a person for poverty and is a denial of equal protection of law for indigent persons. Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971); Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970); Martin v. State, 248 So.2d 643 (Fla. 1971).
Because of the application of this more fundamental principle, the ex post facto argument is actually immaterial because it is unconstitutional to penalize an indigent if he cannot pay money (fine or costs) whether the statute imposing such penalty is being applied retroactively or prospectively.
Therefore, while section 27.3455 is not being unconstitutionally applied retroactively in this case, because Outar's offense was committed after the effective date of the statute, the penalty provision as an alternative to the payment of costs still cannot be constitutionally applied. The amendment to the statute in chapter 86-154, section 1, Laws of Florida, which deleted the penalty for failure to pay fees and *1313 costs, was but a legislative acknowledgment of the unconstitutionality of providing criminal punishment for one's inability to pay money, an inherent unconstitutional infirmity of the penalty provision in the statute from its inception. Therefore, I cannot agree with the majority opinion, that if on remand, the trial court finds Outar cannot pay costs, for that reason he is to be made to perform community service. The trial court's imposition of the $200 in court costs pursuant to section 27.3455, Florida Statutes (1985) should be affirmed but the provision that the accrual of gain time is subject to the condition that such court costs be paid should be stricken as unconstitutional.
NOTES
[1] Outar committed the offense on or about June 1, 1986, after the effective date of section 27.3455, Florida Statutes (1985) (July 1, 1985), and before the effective date of its amendment (October 1, 1986), which deleted the penalty provision for failure to pay fees and costs. Therefore, our opinion is not affected by the recent supreme court decision in State v. Yost, 12 F.L.W. 221 (Fla. May 7, 1987).
[2] See Delifus v. State, 507 So.2d 753 (Fla. 5th DCA 1987); Harris v. State, 507 So.2d 1133 (Fla. 5th DCA 1987); Hardy v. State, 503 So.2d 453 (Fla. 5th DCA 1987); Chance v. State, 498 So.2d 1064 (Fla. 5th DCA 1986); Butler v. State, 498 So.2d 611 (Fla. 5th DCA 1986); Evins v. State, 497 So.2d 1293 (Fla. 5th DCA 1986); Gaffney v. State, 497 So.2d 1292 (Fla. 5th DCA 1986), review denied, 506 So.2d 1041 (Fla. 1987); Gordon v. State, 497 So.2d 661 (Fla. 5th DCA 1986); Maxwell v. State, 492 So.2d 841 (Fla. 5th DCA 1986); Williams v. State, 492 So.2d 784 (Fla. 5th DCA 1986); Fletcher v. State, 491 So.2d 354 (Fla. 5th DCA), review denied, 500 So.2d 545 (Fla. 1986); Brooks v. State, 490 So.2d 173 (Fla. 5th DCA 1986).
[3] § 27.3455, Fla. Stat. (1985); Harris v. State, 507 So.2d 1133 (Fla. 5th DCA 1987); Hardy v. State, 503 So.2d 453 (Fla. 5th DCA 1986); Chance v. State, 498 So.2d 1064 (Fla. 5th DCA 1986); Butler v. State, 498 So.2d 611 (Fla. 5th DCA 1986); Evins v. State, 497 So.2d 1293 (Fla. 5th DCA 1986); Gaffney v. State, 497 So.2d 1292 (Fla. 5th DCA 1986), review denied, 506 So.2d 1041 (Fla. 1987); Maxwell v. State, 492 So.2d 841 (Fla. 5th DCA 1986).