513 So.2d 1285 (1987)
Melissa HENRIQUEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2804.
District Court of Appeal of Florida, Second District.
September 11, 1987.
James Marion Moorman, Public Defender, and D.P. Chanco, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Lauren Hafner Sewell, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Chief Judge.
The appellant went to trial on three charges of armed robbery. The jury found her guilty of three counts of petit theft and she was sentenced to three consecutive terms in the county jail of sixty days each. At sentencing, the trial judge stated his intention to impose a fine with respect to each count, court costs, and a lien for the services of the public defender. The public defender suggested to the trial judge an appropriate amount for his services, and that was the amount imposed. There was no objection by the defendant to the assessment of any of these items.
On this appeal, the appellant argues first that the evidence was insufficient to support her conviction. We find no merit in that argument. The appellant's second issue suggests that the imposition of a fine, court costs, and public defender's lien was improper because there was no notice and hearing with respect to these items as required by Jenkins v. State, 444 So.2d 947 (Fla. 1984), and no determination was made as to the appellant's ability to pay. We reject this argument also.
Recently we considered a case in which the trial judge did not pronounce the imposition *1286 of any costs at the sentencing hearing. Nevertheless, the written judgment in that case imposed court costs under various statutes. We held that since the trial judge made no mention of costs during the sentencing hearing, but later imposed them in his written judgment, the trial judge erred by not comporting with the procedural safeguards in Jenkins v. State. Sescon v. State, 506 So.2d 45 (Fla. 2d DCA 1987).
In the present case, the trial judge clearly stated at the sentencing hearing his intention to impose fines, costs, and a lien for the services of the public defender. The amount of that lien was suggested by the public defender himself. We hold that the failure to object when the trial judge orally stated his intention to impose these assessments constituted a waiver of the right to assert objections to the assessments on appeal, including the objection that the procedural requirements of Jenkins v. State were not followed. We acknowledge that our holding in this respect conflicts with the decision of our sister court in Outar v. State, 508 So.2d 1311 (Fla. 5th DCA 1987).
Accordingly, we affirm both the convictions and sentences in this case.
RYDER[*] and FRANK, JJ., concur.
NOTES
[*] Judge Ryder participated in the decision but did not participate in the oral argument.