518 So.2d 450 (1988)
Michael Scott BARKER, Appellant,
v.
STATE of Florida, Appellee.
No. 86-3077.
District Court of Appeal of Florida, Second District.
January 13, 1988.
*451 James Marion Moorman, Public Defender, and D.P. Chanco, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol M. Dittmar, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Chief Judge.
As in numerous cases preceding this one, we are asked to declare improper the imposition of costs on the appellant, an indigent criminal defendant, because the procedural requirements of Jenkins v. State, 444 So.2d 947 (Fla. 1984), were not followed. The scenario here is one which has been repeated many times in this district. The appellant and his attorney, an assistant public defender, appeared before the trial judge at a sentencing hearing. The trial judge announced that he would impose costs on the appellant in a specific amount. Counsel for the appellant stood mute; he made no objection whatsoever to the imposition of costs on any ground, specifically not on the ground that there was no prior notice as required by Jenkins.
Now, on appeal, the assistant public defender representing the appellant has asked this court to reverse the imposition of costs because the Jenkins requirements were not followed. Three months ago we issued an opinion in a similar case in which we held that the failure to object when the trial judge orally stated his intention to impose assessments constituted a waiver of the right to assert objections to the assessments on appeal, including the objection that the procedural requirements of Jenkins v. State were not followed. Henriquez v. State, 513 So.2d 1285 (Fla. 2d DCA 1987). Notwithstanding, the issue continues to be a troubling one. We acknowledged in Henriquez that our holding there was in conflict with the holding in Outar v. State, 508 So.2d 1311 (Fla. 5th DCA 1987), which declared that failure to follow the Jenkins requirements is fundamental error and may always be raised on appeal. But see Reynolds v. State, 516 So.2d 1094 (Fla. 5th DCA 1987) (En Banc). Recently, the First District Court of Appeal held that failure to follow the Jenkins requirements produces an illegal sentence as far as costs are concerned, so that the issue can be addressed on appeal without a contemporaneous objection. Bellinger v. State, 514 So.2d 1142 (Fla. 1st DCA 1987). We disagree with that holding also, and express conflict with Bellinger.
Upon consideration, we believe that we should take this opportunity to explain more fully our decision in Henriquez, and certify the question to the supreme court. First we observe that as a general matter, a reviewing court will not consider points raised for the first time on appeal. Castor v. State, 365 So.2d 701 (Fla. 1978). The requirement of a contemporaneous objection is based on practical necessity and basic fairness in the operation of a judicial *452 system. It places the trial judge on notice that error may have been committed, and provides him with an opportunity to correct it at an early stage of the proceedings. Delay and an unnecessary use of the appellate process result from a failure to cure early that which must be cured eventually. Castor.
The cases which have come to this court involving the Jenkins issue illustrate the importance of a contemporaneous objection. We estimate that this court has issued approximately 100 opinions citing Jenkins. When we have reversed the imposition of costs for failure to meet the Jenkins requirements, we have done so without prejudice to the reimposition of those costs upon notice to the defendant and a hearing, as required by Jenkins. Certainly, this is not the most expeditious use of this state's judicial system. It would be far better for defense counsel to bring to the trial judge's attention that Jenkins requires notice and hearing prior to the imposition of costs on an indigent defendant, and give the trial judge and the state the opportunity to meet the Jenkins requirements. Appealing to this court to obtain that result is wasteful.
Our supreme court has consistently held that even constitutional errors, other than those constituting fundamental error, are waived unless timely raised in the trial court. Clark v. State, 363 So.2d 331 (Fla. 1978). Fundamental error, which can be considered on appeal without objection in the lower court, is error which goes to the foundation of the case or goes to the merits of the cause of action. Clark. Our supreme court has cautioned appellate courts to exercise their discretion concerning fundamental error "very guardedly." Sanford v. Rubin, 237 So.2d 134 (Fla. 1970). The court has said that the doctrine of fundamental error should be applied only in the rare cases where a jurisdictional error appears or where the interests of justice present a compelling demand for its application. Ray v. State, 403 So.2d 956 (Fla. 1981). The failure to object is a strong indication that, at the time and under the circumstances, the defendant did not regard the alleged fundamental error as harmful or prejudicial. Ray. Parenthetically, we observe that when the Jenkins issue has been presented to us, there has been no suggestion of a particular defense desired to be raised which was foreclosed by lack of prior notice. Since neither indigency nor ability to pay is an issue at imposition of costs, we can only speculate as to possible defenses or objections to the imposition of costs. To state it otherwise, no appellant raising the Jenkins issue has made any effort to show prejudice by failure to receive prior notice before imposition of costs.
For the foregoing reasons, we do not feel that the failure to follow the Jenkins requirements is fundamental error which excuses the failure of an indigent defendant to object to the imposition of costs at a sentencing hearing; therefore, a nonobjecting defendant should not be permitted to raise the issue on appeal. Of course, where an indigent defendant does not have an opportunity to object because no mention of costs is made during the sentencing hearing, but costs are later imposed in a written judgment, the error may be raised on appeal. Sescon v. State, 506 So.2d 45 (Fla. 2d DCA 1987).
In conclusion, we affirm the sentence imposed upon the appellant in this case. We certify to the supreme court the following question as one of great public importance:
WHETHER A CONTEMPORANEOUS OBJECTION IS NECESSARY TO PRESERVE FOR APPELLATE REVIEW THE PROPRIETY OF IMPOSING COSTS ON AN INDIGENT DEFENDANT AT A SENTENCING HEARING WITHOUT THE PRIOR NOTICE REQUIRED BY JENKINS v. STATE, 444 So.2d 947 (Fla. 1984).
LEHAN, J., concurs.
SCHOONOVER, J., concurs with opinion.
SCHOONOVER, Judge, concurring with opinion.
Although I agree with our sister courts' interpretation of Jenkins in Bellinger v. State, 514 So.2d 1142 (Fla. 1st DCA 1987), *453 and Outar v. State, 508 So.2d 1311 (Fla. 5th DCA 1987), because the decision of this court in Henriquez appears to be the law of this district, I concur. Additionally, because of the need to resolve this issue, I agree with the certified question.
I acknowledge that, as a practical matter, a defendant's failure to object when the trial court, during sentencing, orally announces its intention to assess costs which are mandated by a statute should constitute a waiver of the right to appeal that assessment. In Jenkins, however, the supreme court held that a defendant must be given notice prior to the sentencing hearing that costs will be assessed against him at the hearing. The court also held that failure to object when the assessment is orally announced at that time does not constitute a waiver of the prior notice requirement or preclude him from appealing that assessment.
In Jenkins v. State, 422 So.2d 1007 (Fla. 1st DCA 1982), our sister court affirmed the trial court's assessment of costs for the Crimes Compensation Fund and Law Enforcement Training Fund. The first district noted that although costs were imposed in open court before Jenkins and his counsel, Jenkins had failed to take advantage of his opportunity to object and to convince the trial judge of his inability to pay the assessment. Jenkins, 422 So.2d at 1008. The supreme court reversed, however, and stated that "there was no prior notice given to the defendant that these costs would be assessed against him at the sentencing hearing. Consequently, the assessment of costs was not appropriate in this case." Jenkins, 444 So.2d at 950. According to the supreme court's holding in Jenkins, therefore, a trial court's oral announcement at sentencing is not "prior notice" which will satisfy due process requirements. Absent this court's holding in Henriquez, I would strike the costs assessed against the appellant on the basis of Jenkins. Due to this court's decision in Henriquez, however, I concur.