PER CURIAM.
The appellant, Joseph Singletary, challenges the sentences imposed upon him. We affirm the appellant’s convictions and the sentences imposed, but we strike certain of the costs assessed against him.
The appellant was charged by five infor-mations with the commission of a number of armed robberies, kidnappings, and related offenses. After the appellant pled guilty to all counts, the trial court adjudicated him guilty as to all counts except one count which was dismissed by the state. The trial court sentenced the appellant to a total of ten years in state prison including a three year minimum mandatory sentence for carrying a firearm during the robberies. The trial court also sentenced the appellant to a consecutive term of two years community control which in turn was to be followed by ten years probation. In addition to ordering restitution in each of the five cases, the court ordered the appellant to pay $20 pursuant to section 960.20, Florida Statutes (1985), $3 pursuant to section 943.25(4), Florida Statutes (1985), and $200 pursuant to section 27.3455, Florida Statutes (1985). The court advised the appellant at sentencing that if the costs assessed under section 27.3455 were not paid immediately, he would not be entitled to earn any gain time in prison.
In addition to the foregoing costs which were imposed in all five cases, in some of the cases the court ordered the appellant to pay costs of prosecution and costs to the Court Improvement Fund without offering any statutory authority for those assessments. The appellant, who was determined to be indigent both for the trial court proceeding and for this appeal, made no objection at the sentencing hearing when the trial court orally announced its intention to impose any of the above costs. This timely appeal followed.
We strike all the costs imposed upon the appellant for which the trial court gave no statutory authority. See Brown v. State, 506 So.2d 1068 (Fla.2d DCA), petition for review denied, 515 So.2d 229 (Fla.1987). We also strike the costs imposed pursuant to section 27.3455 because the parties agree that the appellant was indigent, and the version of section 27.3455 in effect when the crimes were committed in January and February of 1986, provided *109 that indigent defendants were to be sentenced to a period of community service in lieu of the $200 monetary costs which otherwise could be assessed under this section.
As to the costs imposed pursuant to sections 960.20 and 943.25(4), this court held in Henriquez v. State, 513 So.2d 1285 (Fla.2d DCA 1987), that a defendant’s failure to object when the trial judge orally announced its intention to impose court costs constitutes a waiver even where the defendant has not been given the prior notice required by Jenkins v. State, 444 So.2d 947 (Fla.1984). In Barker v. State, 518 So.2d 450 (Fla.2d DCA 1988), we acknowledged conflict with certain of our sister courts on this issue and certified the question to the supreme court as a matter of great public importance. We, accordingly, affirm the costs assessed pursuant to sections 943.25(4) and 960.20, and we again certify the question posed in Barker.
We find no merit in any of the appellant’s other contentions and, therefore, affirm the trial court in all other respects.
Affirmed in part, reversed in part, and remanded.
CAMPBELL, A.C.J., and PARKER, J., concur.
SCHOONOVER, J., specially concurs.