545 So.2d 1340 (1989)
Melissa HENRIQUEZ, Petitioner,
v.
STATE of Florida, Respondent.
No. 71414.
Supreme Court of Florida.
May 25, 1989.
Rehearing Denied July 20, 1989.
James Marion Moorman, Public Defender and D.P. Chanco, Asst. Public Defender, Bartow, for petitioner.
Robert A. Butterworth, Atty. Gen. and Lauren Hafner Sewell, Asst. Atty. Gen., Tampa, for respondent.
PER CURIAM.
Melissa Henriquez petitions this Court to review the decision of the Second District Court of Appeal in Henriquez v. State, 513 So.2d 1285 (Fla. 2d DCA 1987). As the second district court acknowledged, its holding is in direct and express conflict with Outar v. State, 508 So.2d 1311 (Fla. 5th DCA 1987). Henriquez, 513 So.2d at 1286. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Henriquez was convicted of three counts of petit theft. At sentencing, the trial court informed Henriquez of its intent to impose court costs and a public defender's lien for the use of that office's services. At that point, the trial court asked Henriquez' attorney, the assistant public defender, for an opinion as to the amount of an appropriate fee. The judge then imposed a lien on Henriquez for that amount. Henriquez did not object to the lien at that time.
*1341 On appeal, Henriquez argued that she was not given adequate notice and hearing to respond to the imposition of the lien and court costs. Jenkins v. State, 444 So.2d 947 (Fla. 1984). The district court held that because Henriquez did not object to the lien and costs, she had waived her right to raise the issue of lack of notice and hearing on appeal. The court acknowledged that this holding conflicted with the fifth district court's opinion in Outar, which held that failure to comply with Jenkins is fundamental error. Henriquez, 513 So.2d at 1286.
The Second District Court of Appeal recently certified to us the question of whether a contemporaneous objection is required to preserve Jenkins error for appeal. Barker v. State, 518 So.2d 450 (Fla. 2d DCA 1988); Wood v. State, 519 So.2d 730 (Fla. 2d DCA 1988).[*] We have accepted jurisdiction in Wood and we have answered the certified question in the negative, holding that a contemporaneous objection is not required. Wood v. State, 544 So.2d 1004 (Fla. 1989). Thus, we cannot say that Henriquez' failure to object to the imposition of costs constitutes a waiver of that issue. Accordingly, we quash the opinion of the second district and remand this case to that court for proceedings consistent with this opinion.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[*] The second district court phrased the question in the following manner:

WHETHER A CONTEMPORANEOUS OBJECTION IS NECESSARY TO PRESERVE FOR APPELLATE REVIEW THE PROPRIETY OF IMPOSING COSTS ON AN INDIGENT DEFENDANT AT A SENTENCING HEARING WITHOUT THE PRIOR NOTICE REQUIRED BY Jenkins v. State, 444 So.2d 947 (Fla. 1984).
Barker v. State, 518 So.2d 450, 452 (Fla. 2d DCA 1988). See also Wood v. State, 519 So.2d 730, 731 (Fla. 2d DCA 1988).