544 So.2d 1004 (1989)
Timothy Michael WOOD, Petitioner,
v.
STATE of Florida, Respondent.
No. 71913.
Supreme Court of Florida.
May 25, 1989.
*1005 James Marion Moorman, Public Defender, and Deborah K. Brueckheimer, Asst. Public Defender, Tenth Judicial Circuit, Bartow, for petitioner.
Robert A. Butterworth, Atty. Gen., and James W. Young, Asst. Atty. Gen., Tampa, for respondent.
PER CURIAM.
We have for review the opinion of the Second District Court of Appeal in Wood v. State, 519 So.2d 730 (Fla. 2d DCA 1988). The court in that case certified to this Court the same question it had certified in Barker v. State, 518 So.2d 450 (Fla. 2d DCA 1988). We also review this issue in Henriquez v. State, 545 So.2d 1340 (Fla. 1989). The certified question before us asks:
WHETHER A CONTEMPORANEOUS OBJECTION IS NECESSARY TO PRESERVE FOR APPELLATE REVIEW THE PROPRIETY OF IMPOSING COSTS ON AN INDIGENT DEFENDANT AT A SENTENCING HEARING WITHOUT THE PRIOR NOTICE REQUIRED BY JENKINS V. STATE, 444 So.2d 947 (FLA. 1984).
Barker, 518 So.2d at 452. See also Wood, 519 So.2d at 731. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Wood pled guilty to several counts of grand theft and uttering worthless checks and was convicted on those counts. At sentencing the trial court informed Wood that court costs would be assessed against him pursuant to section 27.3455, Florida Statutes (1985). On appeal to the second district, the court held that because Wood did not contemporaneously object to the assessment he had waived his claim that he did not receive adequate notice of the assessment of costs as required by Jenkins v. State, 444 So.2d 947 (Fla. 1984). The court then noted that it was certifying the same question it had certified to us in Barker, though it declined to actually recite the question in the opinion.
Thus we are confronted with the question of whether the failure to comply with procedural due process requirements for assessing costs against criminal defendants, as enunciated in Jenkins, constitutes fundamental error. In Outar v. State, 508 So.2d 1311 (Fla. 5th DCA 1987), the fifth district, and in Bellinger v. State, 514 So.2d 1142 (Fla. 1st DCA 1987), the first district, held that this failure does constitute fundamental error, therefore obviating the requirement of a contemporaneous objection.
We begin our analysis by noting that in Jenkins we impliedly held that such due process violations are fundamental error. That case, like this one, involved a defendant who had costs and statutory liens imposed upon him without prior notice or hearing. Just as in this case, Jenkins failed to object to the assessment of costs. Jenkins v. State, 422 So.2d 1007 (Fla. 1st DCA 1982), approved in part, disapproved in part, 444 So.2d 947 (Fla. 1984). Although our majority opinion in that case does not directly address the contemporaneous objection requirement, we did note our disagreement with the district court's *1006 holding that an affirmative objection was necessary for appellate review in that situation. Id. at 949.
Here though, we are directly confronted with the question of fundamental error in failure to comply with Jenkins. Our opinion in Jenkins is founded upon constitutional rights of due process and the most basic requirements of adequate notice and meaningful hearing prior to the termination of substantive rights or some other state-enforced penalty. In Jenkins we held that court costs could not be assessed against a defendant without adequate notice and a judicial determination that the defendant has the ability to pay. Id. at 950. This holding goes to the very heart of the requirements of the due process clauses of our state and federal constitutions. The denial of these basic constitutional rights constitutes fundamental error.
In Barker, the second district reasoned that the same costs would mechanically be reimposed following notice and hearing as required by Jenkins. Were this true in every case, there would be no need for notice and hearings. Unfortunately, costs are sometimes incorrectly assessed against defendants. It is the rights of these persons whom the due process clause seeks to protect, and it is fundamental error for a court to fail to protect those rights. Without adequate notice and a meaningful hearing, a court has no way of knowing who should pay costs and who should not. Without adequate notice and a meaningful hearing, the requirements of due process have not been met.
Accordingly, we answer the certified question in the negative, quash the decision of the second district in Wood, and remand this case for proceedings consistent with this opinion.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.