PER CURIAM.
In this appeal of a sentence imposed following conviction of manslaughter, DUI and vehicular homicide, appellant raises three issues regarding calculation of his guideline scoresheet and the assessment of court costs and restitution. The state concedes error requiring reversal and remand for resentencing.
The offenses for which appellant was convicted stem from a car accident which occurred when the appellant’s vehicle crossed into the opposite lane striking another vehicle. The only person killed in the accident was the driver of the second vehicle. On appellant’s guideline score-sheet, manslaughter was scored as the primary offense and vehicular homicide was scored as an additional offense at conviction, although only one death had occurred. Citing Tollefson v. State, 525 So.2d 957 (Fla. 1st DCA 1988), and Reedy v. State, 527 So.2d 962 (Fla. 5th DCA 1988) as authority, the appellant argues the scoring of the vehicular homicide conviction was improper because that conviction was erroneously obtained. The State concedes that such scoring was erroneous, and concurs that the sentence should be reversed and the cause remanded for correction of the scoresheet.
Appellant also argues that it was improper to score points for legal restraint when the only basis for such an assessment of points was the supervision of appellant’s outpatient mental health treatment by the Department of Health and Rehabilitative Services following appellant’s hospitalization at Florida State Hospital, after appellant was found not guilty by reason of insanity of a crime unrelated to the instant case. Appellant argues that such supervision does not constitute legal restraint so as to merit scoring for legal status under rule 3.701(d)(6), Florida Rules of Criminal Procedure.
Rule 3.701(d)(6) provides that legal status is defined as offenders
on parole, probation, or community control; in custody serving a sentence; escapee; fugitives who have fled to avoid prosecution or who have failed to appear for a criminal judicial proceeding or who have violated conditions of a supersedeas bond; and offenders in a pretrial intervention or diversion program.
In Ellison v. State, 547 So.2d 1003 (Fla. 1st DCA 1989), this court stated that rule 3.701(d)(6) “specifically enumerates those categories under which an offender must fall if points for legal status are to be assessed” for it is “a general principle of statutory construction that the mention of one thing implies the exclusion of another: expressio unius est exclusio alterius.” Id. at 1007. We agree with the appellant that his supervision by HRS does not fit within any of the categories enumerated in the *450 rule, and accordingly, on remand, the points for legal status are to be deleted.
Finally, appellant argues that the trial court erred in assessing court and statutory costs and ordering the payment of restitution without affording proper notice to the appellant and without determining the appellant’s ability to pay. As for the order to pay court and statutory costs, it is well established that such costs may not be ordered without first providing notice and determining a defendant’s ability to pay. Wood v. State, 544 So.2d 1004 (Fla.1989), and Jenkins v. State, 444 So.2d 947 (Fla.1984). This issue may be raised on appeal regardless of a defendant’s failure to object below. Wood, supra.
The order of restitution, however, is a different matter. Section 775.089, Florida Statutes, provides that restitution is to be ordered unless the trial court can state reasons for not so doing. Thus, it is the statute which puts a defendant on notice. Denson v. State, 493 So.2d 60 (Fla. 2d DCA 1986). Issues concerning the amount of restitution ordered and the entitlement of the victim’s mother to the restitution are not before us, since they were neither raised below nor argued on appeal.
Therefore, the sentence is REVERSED and the cause REMANDED for correction of the appellant’s scoresheet and resentenc-ing consistent with this opinion.
SMITH, WENTWORTH and JOANOS, JJ., concur.