561 So.2d 1284 (1990)
Timothy Curtis McMAHON, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1479.
District Court of Appeal of Florida, Fifth District.
May 24, 1990.
*1285 James B. Gibson, Public Defender, and Glen P. Gifford, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Colin Campbell, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
The trial court erred in imposing a public defender's lien without notice and opportunity to be heard.[1] The order imposing a public defender's lien in case number 89-606-CF-B-Y is hereby stricken without prejudice to a new determination of the matter by the trial court after proper notice and opportunity to be heard is afforded the defendant. The due process requirement that a criminal defendant receive adequate notice and opportunity to be heard is fundamental, not subject to the requirement of a contemporaneous objection nor an implied waiver.[2] Except as modified by striking the order imposing a public defender's lien, the defendant's conviction and sentence is
AFFIRMED.
DANIEL, C.J., and GRIFFIN, J., concur.
NOTES
[1] Harriel v. State, 520 So.2d 271 (Fla. 1988); Mays v. State, 519 So.2d 618 (Fla. 1988); Jenkins v. State, 444 So.2d 947 (Fla. 1984).
[2] See Henriquez v. State, 545 So.2d 1340 (Fla. 1989); Wood v. State, 544 So.2d 1004 (Fla. 1989).