719 So.2d 1249 (1998)
Michael Wade LOCKE, Appellant,
v.
STATE of Florida, Appellee.
No. 97-2431.
District Court of Appeal of Florida, First District.
October 21, 1998.
Nancy A. Daniels, Public Defender; Carol Ann Turner, Assistant Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Attorney General; James W. Rogers, Senior Assistant Attorney General, Tallahassee, for appellee.

*1250 GENERAL DIVISION EN BANC
WOLF, Judge.
Appointed counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in the instant case. Having reviewed the record, we find one issue which merits discussion: Whether the trial court's method of imposition of statutorily authorized discretionary costs violated appellant's due process rights and therefore, constituted fundamental error. We find that no due process violation occurred and recede from that portion of our opinion in Neal v. State, 688 So.2d 392, 396 (Fla. 1st DCA) rev. denied, 698 So.2d 543 (Fla.1997), which holds that the failure to give notice to an individual defendant of the potential imposition of statutorily authorized public defender's fees at the time of sentencing constitutes fundamental error. We also certify a question of great public importance concerning whether the failure to orally itemize individual costs at the time of sentencing constitutes fundamental error.
In the instant case, a public defender's lien of $750 was imposed on the defendant at the time of sentencing. The defendant indicated that he had no objection to that amount. The judge also announced an aggregate amount of court costs. The defense raised no objection. A written judgment contained an itemized breakdown of the costs and fees. The costs included an assessment of statutorily authorized discretionary costs pursuant to section 943.25(13), Florida Statutes (1995). No objection of any kind was raised in the trial court concerning the imposition of discretionary statutory costs. No motion was filed pursuant to rule 3.800(b), Florida Rules of Criminal Procedure, questioning the method of assessing costs. The question before us in this case is whether the manner in which the trial court imposed costs constitutes fundamental error and thus may be raised for the first time on appeal.
In Neal, the court held that the imposition of public defender fees without prior specific notice constituted fundamental error which may be raised for the first time on appeal. See Neal, supra at 396. A public defender's lien is a specific type of discretionary statutorily authorized fee. See § 27.56, Fla. Stat. (1995). Thus, there is no valid reason to treat the discretionary costs assessed in this case differently than the assessment of public defender's liens. We are, therefore, faced squarely with the question concerning whether the holding in Neal as to fundamental error should continue to be followed by this court.
The Neal panel felt that it was bound by the cases of Henriquez v. State, 545 So.2d 1340 (Fla.1989), which held that imposition of a discretionary attorney fee obligation without notice and an opportunity to be heard constituted fundamental error, and Wood v. State, 544 So.2d 1004 (Fla.1989), which held that imposition of costs without notice and an opportunity to be heard constituted fundamental error. We find that the panel was incorrect for two independent reasons: (1) The cases relied on by the Neal panel have been effectively overruled by subsequent decisions of the supreme court; and (2) the subsequent adoption of the amendment to rule 3.800(b), which provides a formal mechanism for a postjudgment hearing and an opportunity to be heard in the trial court on the imposition of costs, constitutes a change in the material facts relied on by the court in Henriquez and Wood thereby obviating the necessity of continuing to follow those cases.
Henriquez and Wood were based on the supreme court's decision in Jenkins v. State, 444 So.2d 947 (Fla.1984). In Jenkins, the court held that the assessment of certain statutorily mandated costs at the time of sentencing without providing the defendant prior notice and an opportunity to be heard was a denial of due process. See id. at 950. Collectively, Jenkins, Wood, and Henriquez stand for the proposition that due process requires a trial judge to give a defendant actual notice at the time fees or costs are imposed, and that failure to give such actual notice constitutes fundamental error. In State v. Beasley, 580 So.2d 139 (Fla.1991), however, the supreme court held that the defendant had constructive notice of the imposition of statutorily mandated costs as a result of their publication in the Laws of Florida or the Florida Statutes. See id. at 142. The court discussed its holding in light of Jenkins: *1251 Beasley also had an opportunity to be heard at the sentencing hearing and raise any pertinent objections. Having been given adequate notice and an opportunity to be heard, the assessment of costs complied with due process. Under Jenkins, therefore, the district court erred by holding that Beasley had been denied due process because the trial court failed to make a determination of his ability to pay before it assessed the mandatory costs. Any determination of Beasley's ability to pay need be made only when the state seeks to enforce collection of the costs.
Id. Similarly, in State v. Hart, 668 So.2d 589 (Fla.1996), the court, relying on Beasley, held that publication of the general conditions of probation in the Florida Rules of Criminal Procedure, like the publication of statutorily mandated costs in the Florida Statutes, provided a criminal defendant with constructive notice of those conditions which may be imposed; therefore, a trial court is not required to orally pronounce these general conditions at the time of sentencing. See id. at 592-593.
In A.B.C. v. State, 682 So.2d 553 (Fla. 1996), the court, relying on Beasley and Hart, upheld a condition of community control imposing a curfew on a juvenile although it was not orally pronounced in court because it was statutorily authorized by Florida Statutes. See id. at 554-555. The court noted, "[i]n Hart, we stated that `a condition of probation which is statutorily authorized or mandated ... may be imposed and included in a written order of probation even if not orally pronounced at sentencing.'" Id. at 554. Beasley, Hart, and A.B.C., stand for the proposition that a defendant is on notice of all statutorily authorized costs and conditions that may be imposed at the time of sentencing, and that a defendant is not required to be given a formal hearing on his ability to pay until the state seeks to enforce the costs which have been imposed. Under these decisions, the procedure utilized by the trial court in the instant case does not constitute error, much less fundamental error.
In Wood and Henriquez, the supreme court was responding to certified questions concerning whether a defendant must raise a contemporaneous objection, and the court held that fundamental error existed in those cases as a result of a denial of due process (no notice and opportunity to be heard). As previously noted in this opinion, the supreme court has since clarified its position concerning notice. In regard to providing opportunity to be heard, however, it is significant that Henriquez and Wood predate the adoption of section 924.051(3), Florida Statutes, and rule 3.800(b), Florida Rules of Criminal Procedure, which was added in 1996 specifically to address a defendant's opportunity to be heard on sentencing issues and preservation of such issues for appeal:
Subdivision (b) was added ... in order to authorize the filing of a motion to correct a sentence or order of probation, thereby providing a vehicle to correct sentencing errors in the trial court and to preserve the issue should the motion be denied.
Fla. R.Crim. P. 3.800, court commentary (1996 amendments). The adoption of rule 3.800(b) ameliorates any remaining questions concerning opportunity to be heard. Absent due process considerations, clearly the failure to itemize statutorily authorized costs does not rise to the level of fundamental error.[1]
In Dodson v. State, 710 So.2d 159, 161 (Fla. 1st DCA 1998), we observed,
Following the enactment of section 924.051 and amended rule 3.800(b), this court has issued several decisions on the issue of what constitutes fundamental error in the context of allegations of other various sentencing errors. See, e.g., Howard v. State, 705 So.2d 947, (Fla. 1st DCA 1998) (affirming as unpreserved the trial court's failure to award credit for time served); Cargle v. State, 701 So.2d 359 (Fla. 1st DCA 1997) (affirming as unpreserved a claim that the trial court erred in sentencing juvenile as adult without considering statutory criteria in section 39.059(7)); Johnson v. State, 697 So.2d 1245 (Fla. 1st DCA 1997) (affirming *1252 as unpreserved a claim that defendant received an improper upward departure sentence because the sole reason given for the departure had already been taken into account in computing his guidelines score); Williams v. State, 697 So.2d 164 (Fla. 1st DCA 1997) (affirming as unpreserved an alleged scoresheet error). We fail to see how the wrongful imposition of a nominal discretionary attorney's fee lien can be deemed any more fundamental than wrongful incarceration.
We recede from Neal to the extent that it conflicts with our holding in this case. We also certify the following question to be one of great public importance:
DOES THE FAILURE OF THE TRIAL COURT TO ORALLY PRONOUNCE EACH STATUTORILY AUTHORIZED COST INDIVIDUALLY AT THE TIME OF SENTENCING CONSTITUTE FUNDAMENTAL ERROR?
Affirmed.
BARFIELD, C.J., and ERVIN, ALLEN, KAHN and DAVIS, JJ., concur.
JOANOS, J., concurs in result only with written opinion with which LAWRENCE, J., concurs.
WEBSTER, J., dissents with written opinion with which MINER, J., concurs.
JOANOS, Judge, concurring in result only.
I would follow Maddox v. State, 708 So.2d 617 (Fla. 5th DCA 1998)(en banc), review granted, 718 So.2d 169 (Fla. 1998), in affirming this case.
WEBSTER, Judge, dissenting.
I agree that the majority correctly states the issue presented by this Anders appeal: "Whether the trial court's method of imposition of statutorily authorized discretionary costs violated appellant's due process rights and[,] therefore, constituted fundamental error." (Emphasis added.) However, I am unable to agree with either of the majority's conclusions.
The majority first concludes that the trial court's imposition of "statutorily authorized" discretionary costs without affording appellant notice of its intent to do so or a meaningful opportunity to be heard prior to imposition was not error. In support of this conclusion, the majority relies upon State v. Beasley, 580 So.2d 139 (Fla.1991), State v. Hart, 668 So.2d 589 (Fla.1996), and A.B.C. v. State, 682 So.2d 553 (Fla.1996). According to the majority, those three decisions, collectively, "stand for the proposition that a defendant is on notice of all statutorily authorized costs and conditions that may be imposed at the time of sentencing." I have no quarrel with the proposition that a defendant is on constructive notice that statutorily authorized discretionary costs (such as a lien for the services of a public defender) may be imposed. Where I part ways with the majority is with regard to its conclusion that, as a result, a defendant need not be afforded notice of the intent to impose such a discretionary cost and a meaningful opportunity to contest it.
In Jenkins v. State, 444 So.2d 947 (Fla. 1984), the court held that due process of law required that, before a court imposes costs, a defendant be afforded adequate notice of the intent to do so and an opportunity to be heard. Subsequently, in State v. Beasley, the court receded from Jenkins "to the extent that it require[d] a trial court to give the defendant actual notice of the imposition of mandatory costs." 580 So.2d at 142 n. 4 (emphasis added). The justification for the decision in Beasley was that publication of the mandatory cost provision in the Florida Statutes gives a defendant constructive notice of the fact that such costs will be imposed. Id. at 142. I have not discovered any subsequent decision which expressly extends the Beasley rationale to discretionary costs, and the majority cites none. Instead, the majority relies upon Hart and A.B.C., neither of which involves the issue of whether discretionary costs may be imposed without notice or an opportunity for a hearing. Rather, Hart addresses whether a standard condition of probation may be imposed although not orally pronounced at sentencing (668 So.2d at 591), and A.B.C. addresses whether a standard condition of juvenile community control may be imposed although not orally pronounced at disposition. 682 *1253 So.2d at 554. Because both rely on Beasley, it seems to me that, properly read, they were intended only to stand for the propositions that standard (as opposed to special) conditions of probation or community control need not be orally pronounced. Therefore, it seems to me that neither was intended to expand the holding of Beasley to the imposition of discretionary costs.
The justification for treating the imposition of mandatory costs differently from the imposition of discretionary costs was, perhaps, best explained in Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995) (en banc). There, Judge Altenbernd, speaking for the full court, said:
Statutory costs that are truly "mandatory" must be imposed in every judgment against every defendant convicted of a similar offense. The trial judge has no discretion to dispense with these costs, and the defendant's circumstances and his or her ability to pay are not relevant to the decision. Publication of these costs in the Florida Statutes provides every defendant with adequate notice. State v. Beasley, 580 So.2d 139 (Fla.1991). The trial court is not obligated to announce orally the dollar amount of these costs or to separately identify the legal basis for these costs at the sentencing hearing....
Statutory costs that are "discretionary" are costs that the trial court may decide to impose or not to impose, depending upon the defendant's ability to pay and other circumstances involved in the case. The statutes place the defendant on notice that these costs are a possibility, but not a certainty. As such, the trial court must give the defendant notice of these costs at sentencing. Discretionary costs must be individually announced in a manner sufficient for the defendant to know the legal basis for the cost imposed. If the statute does not specify a dollar amount for the discretionary cost, the trial court must make certain that the defendant is on notice of the dollar amount assessed. The defendant must have an opportunity in open court to object to the imposition of these discretionary costs.
Id. at 116 (footnote omitted). Reyes continues to be followed in the Second District. E.g., Gonse v. State, 713 So.2d 1114 (Fla. 2d DCA 1998). It also continues to be followed by other districts, including this one. See, e.g., Dodson v. State, 710 So.2d 159, 160 (Fla. 1st DCA 1998) (citing Reyes for the proposition that "[i]f a cost is discretionary under a statute, it must be orally pronounced at sentencing and the defendant must be given an opportunity to object"), review pending, No. 93,077 (Fla. filed May 26,1998).
It seems to me that, had the supreme court intended to recede from prior decisions such as Henriquez v. State, 545 So.2d 1340 (Fla.1989), and Bull v. State, 548 So.2d 1103 (Fla.1989), holding that due process of law requires notice and a meaningful opportunity for a hearing before discretionary costs may be imposed, it would have expressly done so. Instead, as recently as last year the court reaffirmed that discretionary attorney fees and costs may not be imposed without affording the defendant "proper notice and an opportunity to be heard." Sliney v. State, 699 So.2d 662 (Fla.1997). Accordingly, I am constrained to dissent from the majority's conclusion that the trial court's imposition of discretionary costs without affording appellant notice and a meaningful opportunity to be heard was not error.
The majority next concludes that, even if error, the trial court's failure to afford appellant notice and an opportunity to be heard before imposing discretionary costs is no longer fundamental error. Again, I am unable to agree.
In Neal v. State, 688 So.2d 392, 396 (Fla. 1st DCA), review denied, 698 So.2d 543 (Fla. 1997), the panel relied upon Henriquez for its holding that it is fundamental error to order a criminal defendant to pay discretionary attorney fees without first affording the defendant notice and a meaningful opportunity to be heard. The majority concedes that Henriquez stands for that proposition. However, it asserts that Henriquez was premised upon the concern that, unless such an error were treated as fundamental (and, therefore, capable of presentation on appeal even if not preserved by a contemporaneous objection), a defendant would be deprived of all opportunity *1254 to raise the issue. (This seems to me a rather strained reading of the case because, even if the issue could not have been raised on direct appeal because it had not been preserved, it could still have been raised collaterally by a motion filed pursuant to Florida Rule of Criminal Procedure 3.850 alleging ineffective assistance of counsel.) The majority then concludes that such a concern is no longer valid because of the supreme court's adoption in 1996 of Florida Rule of Criminal Procedure 3.800(b), pursuant to the terms of which a defendant "may file a motion to correct the sentence or order of probation within thirty days after the rendition of the sentence."
Accepting, for purposes of discussion, the majority's reasoning that the imposition of discretionary costs is a part of a "sentence" and, therefore, may be challenged by a motion pursuant to rule 3.800(b), it seems to me that its conclusion is nothing more than an exercise in prognostication. Its guess at what the supreme court intended when it adopted rule 3.800(b) (i.e., that it intended to overrule Henriquez) might be correct. However, it seems to me that such efforts are not the type of work with which this court should be concerning itself.
The fact remains that the supreme court has not expressly receded from Henriquez. In the absence of more compelling evidence of such an intent than I am able to find in the majority's opinion, it seems to me that we are obliged to follow Henriquez, although we may certainly express our concern regarding its continued vitality, and certify a question to the supreme court. See Hoffman v. Jones, 280 So.2d 431 (Fla.1973).
Finally, I note that Florida Rule of Appellate Procedure 9.331(a) states that "[e]n banc hearings and rehearings shall not be ordered unless the case is of exceptional importance or unless necessary to maintain uniformity in the court's decisions." There was nothing about the Locke panel opinion which was inconsistent with any prior opinion of this court. On the contrary, it was perfectly consistent. It followed Neal and certified the question to the supreme court. Moreover, the case is clearly not one "of exceptional importance." The outcome will have no great impact on either this court or the circuit courts, regardless of result. If it were to turn out that Neal was correct, no further action would be required. If Neal were overruled by the supreme court in response to a certified question, the original cost judgments imposed by the circuit courts would simply be reinstated.
This court, en banc, has spent considerable time on this case. As best I can determine, the amount of the discretionary costs involved is approximately $33.00. Frankly, the effort strikes me as a most inefficient way to spend our time. See Mizell v. State, 716 So.2d 829, 23 Fla. L. Weekly D1978, D1979 n. 1 (Fla. 3d DCA Aug.26, 1998) (noting the irony of the fact that the Criminal Appeal Reform Act of 1996 and associated rule amendments, which were intended to reduce an oppressive appellate caseload, have had the opposite effect).
For the foregoing reasons, I dissent.
NOTES
[1] We would note that at least two of our sister courts have refused to address an alleged error involving costs and assessment of a public defender's fee if the issue has not been preserved in the trial court. See Hyden v. State, 715 So.2d 960, 23 Fla. L. Weekly D1342 (Fla. 4th DCA June 3, 1998); Maddox v. State, 708 So.2d 617 (Fla. 5th DCA 1998) (en banc).