BROWNING, J.
David McCellan appeals the trial court’s orders denying his motion to suppress evidence and imposing discretionary costs. We affirm.
The trial court[1] heard testimony that two Gainesville police officers on routine patrol encountered McCellan around 5:30 P.M. on March 7, 1998, as McCellan was standing in the middle of S.E. 9th Street blocking the path of the officers’ patrol car and impeding any other vehicular traffic. During the ensuing stop, the officers issued him a traffic citation for violation of section 316.130(4), Florida Statutes (1997), which states:
316.130 Pedestrian obedience to traffic control devices and traffic regulations.—
[[Image here]]
(4) Where sidewalks are not provided, any pedestrian walking along and upon a highway shall, when practicable, walk only on the shoulder on the left side of the roadway in relation to the pedestrian’s direction of travel, facing traffic which may approach from the opposite direction.
At the suppression hearing, the parties stipulated that the sole issue before the trial court was the validity of the stop, not the subsequent search of McCellan that disclosed cocaine, a metal telescopic rod, a pocket knife, and a Brillo pad. Defense counsel argued below that the patrolmen lacked any objective basis or standard to justify the stop where McCellan had adequately explained his presence along the narrow roadway and had asserted that he was not blocking vehicles.
For the first time on appeal, McCellan contends that section 316.130(4) does not prohibit him from standing in the middle of the road. This specific legal argument or ground was not offered in the trial court. In fact, it is contrary to McCellan’s own testimony that he had been merely proceeding across the street when the patrol car approached and prevented his direct passage. Therefore, the issue was not preserved for appellate review. § 924.051, Fla. Stat. (1997); Green v. State, 711 So.2d 69, 70 (Fla. 4th DCA 1998); Forrester v. State, 565 So.2d 391 (Fla. 1st DCA 1990). If the question were considered on the merits, we would conclude that the trial court properly relied on facts in the record demonstrating that the officers conducted a lawful stop after observing a traffic infraction. Whren v. United States, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996); State v. Hernandez, 718 So.2d 833, 836 (Fla. 3d DCA 1998); State v. Roux, 702 So.2d 240 (Fla. 5th DCA 1997). As competent substantial evidence supports the findings of fact, and the law was properly applied to these facts, the motion to suppress was properly denied. United States v. Harris, 928 F.2d 1113, 1115-16 (11th Cir.1991).
After the adverse ruling on the motion to suppress, McCellan entered a plea *1100 of nolo contendere to the charge of possession of cocaine and to several violations of probation based, in part, on the commission of a new substantive offense. At the plea/sentencing hearing, the trial judge orally announced his intent to enter a civil judgment for statutory costs and fees in the probation revocation matter arising from a prior aggravated assault conviction. As to the possession of cocaine charge and a probation revocation matter arising from a prior forgery conviction, the trial judge announced a waiver of costs and fees. For the first time on appeal, McCellan challenges the imposition of discretionary costs, in a post-hearing written order, on the ground that he was not afforded notice and an opportunity to be heard.
Absent a timely Florida Rule of Criminal Procedure 3.800(b) motion bringing the alleged error to the attention of the trial court, we decline to address this un-preserved issue. The actions of the lower tribunal did not rise to the level of fundamental error. Locke v. State, 719 So.2d 1249 (Fla. 1st DCA 1998) (general division en banc); Sassnett v. State, 724 So.2d 174 (Fla. 1st DCA 1998). We re-certify the question of great public importance raised in Locke, 719 So.2d at 1252.
AFFIRMED.
ALLEN and BENTON, JJ., CONCUR.

. Circuit Judge Frederick D. Smith presided over the combination suppression/probation revocation hearing.