PER CURIAM.
We have for review McLean v. State, 732 So.2d 1211 (Fla. 1st DCA 1999) wherein the First District Court of Appeal cited to Locke v. State, 719 So.2d 1249 (Fla. 1st DCA 1998), approved, 760 So.2d 148 (Fla.2000), which was then pending review in this Court. We have jurisdiction. See Art. V, § 3(b)(3), Fla. Const.; Jollie v. State, 405 So.2d 418 (Fla.1981).
Consistent with our decision in Maddox v. State, 760 So.2d 89 (Fla.2000) (approving Locke), we determine that McLean’s un-preserved claim relating to the trial court’s failure to announce the imposition of restitution at his sentencing hearing and to advise him of the right to have a hearing on the amount of restitution does not rise to the level of fundamental error which may be reviewed for the first time on direct appeal. Further, based on our decision in Heggs v. State, 759 So.2d 620 (Fla.2000), we quash the district court’s afflr-manee of McLean’s sentence and remand for resentencing in accordance with the sentencing guidelines in effect before the relevant amendments made to chapter 95-184 became effective.[1]
It is so ordered.
SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
WELLS, C.J., concurs in part and dissents in part with an opinion.

. McLean has standing to challenge chapter 95-184 on single subject rule grounds. See Trapp v. State, 760 So.2d 924 (Fla.2000).