DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GREG D. BROWN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-2498

[June 8, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Robin Rosenberg, Judge; L.T. Case No. 12CF007635AMB.

Carey Haughwout, Public Defender, and Richard B. Greene, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.

KLINGENSMITH, J.

Greg D. Brown appeals from a final judgment of conviction and sentence. Initially charged by information with one count of aggravated assault with a firearm ("count I") and one count of aggravated battery with a firearm ("count II"), he was found guilty of the lesser-included offense of improper exhibition of a firearm for count I, and guilty for count II. Brown asserts that the trial court committed fundamental error by instructing the jury that the right to stand his ground was vitiated if he was engaged in unlawful activity, and by giving contradictory jury instructions regarding the duty to retreat. For the reasons set forth below, we affirm.

In *State v. Floyd*, 186 So. 3d 1013, 1019-22 (Fla. 2016), our Florida Supreme Court recently considered the following question certified by the First District Court of Appeal:

WHETHER FLORIDA STANDARD JURY INSTRUCTION (CRIMINAL) 3.6(f) IS CONFUSING, CONTRADICTORY, OR MISLEADING WITH RESPECT TO THE DUTY TO RETREAT WHEN THERE IS A QUESTION AS TO WHETHER THE DEFENDANT WAS THE INITIAL AGGRESSOR.

Concluding that it was not, the court explained that both Chapter 776 of the Florida Statutes (2010), and the standard jury instructions "employ nearly identical language," and clarified that "[t]he same can be said of the language pertaining to the right to stand one's ground." *Id.* at 1021. Further, in both section 776.041(2)(a), Florida Statutes (2010), and the standard jury instructions, the court found "no basis to doubt that the 'every reasonable means to escape' language only applies if the jury finds the defendant to be the initial aggressor." *Id.* at 1021.

Ultimately, the court concluded that the instruction "accurately and correctly explains this law to the jury with regard to the factually complex situations where the jury must unwind the facts to determine who was the initial aggressor." *Id.* at 1020.

Other facts described by the court in *Floyd* mirror the situation presented to us in the instant case, and also support our decision to affirm:

> Floyd's failure to object or raise concerns belies his contention that the instructions were confusing, misleading, or contradictory. A failure to raise a concern or object is an indication that Floyd's counsel did not perceive a problem. *See Barker v. State*, 518 So. 2d 450, 452 (Fla. 2d DCA 1988) ("The failure to object is a strong indication that, at the time and under the circumstances, the defendant did not regard the alleged fundamental error as harmful or prejudicial." (citing *Ray v. State*, 403 So. 2d 956 (Fla. 1981))).

> Indeed, the record suggests that Floyd had no such concern. In this case, Floyd's counsel discussed the instructions, specifically "the every reasonable means" part of the instructions; repeatedly agreed to the instructions; played an active role in tailoring the instructions; and offered various comments. He even had an opportunity to reflect on the instructions overnight. Despite this extensive participation in the tailoring of the jury instructions, Floyd's counsel never once raised any concern or objected regarding

the interplay between the "Stand Your Ground" language and the "Initial Aggressor" language.

*Id.* at 1023.

Brown's counsel had ample opportunity to suggest edits to the jury instructions, but did not object to the issues now raised on appeal. Because the unobjected-to jury instructions accurately communicated the law to the jury and did not constitute fundamental error, we affirm Brown's judgment and sentence.

*Affirmed.*

WARNER and LEVINE, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***